LOUIS SCHROETER ET AL. *v.* THOMAS A. SALVATI III ET AL.
(3590)

HULL, SPALLONE and BIELUCH, Js.

Argued February 14—decision released April 1, 1986

*William T. Barrante,* with whom, on the brief, was *John L. Gerardo,* for the appellants (plaintiffs).

*William A. Conti,* for the appellees (named defendant et al.).

PER CURIAM. The plaintiffs, Louis and Doris Schroeter, appeal from the trial court's order[1] dissolving their prejudgment attachment on the real estate

[1] General Statutes § 52-278*l* (a) (2) provides that an order granting a motion to dissolve a prejudgment remedy shall be deemed to be a final judgment for the purpose of appeal.

of Polly Grogan, one of the defendants.[2] The trial court dissolved the attachment based on its finding that the sheriff's return to court did not, as required by General Statutes § 52-280,[3] contain a description of the property attached. The plaintiffs claim that in so holding, the trial court erred. They also argue that the court erred by refusing to allow them to amend the sheriff's return and by refusing to grant their motion for a stay of the order of dissolution pending the outcome of their appeal to this court. Because there is no practical remedy which this court can award, we now dismiss this appeal as moot.

This court may decide a case only when it presents a live controversy which can be resolved by relief that is within the court's power to grant. *Reynolds* v. *Vroom,* 130 Conn. 512, 515, 36 A.2d 22 (1944); *Hall* v. *Dichello Distributors, Inc.,* 6 Conn. App. 530, 538, 506 A.2d 1054 (1986). Here, this requirement is not met. The bond, which the parties had stipulated would substitute for the real estate attachment and would rise or fall with the validity of the attachment, has been dissolved and the cash returned to the defendants. The land which was the subject of the attachment has been sold and title transferred to others. It would, therefore, be impossible for this court to reinstate the attachment even if it were to find that the trial court erred in ordering it dissolved. Accordingly, the validity of the trial court's decision to dissolve the attachment and not to allow the plaintiff to amend the return presents a question that is merely academic. The claim is, therefore, moot.

---

[2] Grogan was added as a defendant after Thomas Salvati III, the named defendant, conveyed the land in question to her.

[3] General Statutes § 52-280 provides in pertinent part that "[t]he officer serving the process shall leave with the person whose estate was attached . . . a true and attested copy of the process and of the accompanying complaint, and of his return thereon, describing any estate attached."

Similarly, the plaintiffs' claim that the trial court erred in refusing to order a stay is also moot. The trial court declined to order the stay, and pursuant to General Statutes § 52-287*l* (c), the order was not automatically stayed. Accordingly, the attachment was dissolved and, as discussed above, the bond was returned and the real estate sold. There is, under these circumstances, no remedy that we can fashion which would put Humpty Dumpty back together again.

The appeal is dismissed.