## CUMBERLAND FARMS, INC. *v.* TOWN OF GROTON
### (AC 16735)

Foti, Schaller and Spear, Js.

Argued June 4—officially released September 2, 1997

*Michael A. Zizka,* for the appellant (plaintiff).

*Raymond L. Baribeault, Jr.,* with whom, on the brief, was *James F. Brennan, Jr.,* for the appellee (defendant).

*Opinion*

FOTI, J. The plaintiff appeals from the judgment of the trial court dismissing the plaintiff's inverse condemnation action on the ground that the court lacked subject matter jurisdiction to hear it. On appeal, the plaintiff claims that the trial court improperly determined that (1) a landowner must always submit more than one application for a variance to a zoning board of appeals

for the denial of the variance to be considered a "final action" under the taking clauses of the United States and Connecticut constitutions, (2) a landowner must appeal the denial of a variance to the Superior Court before it can file a takings claim under the United States and Connecticut constitutions, and (3) an inverse condemnation lawsuit is precluded by the "prior pending action" rule when the other action at issue is an appeal of the denial of a variance. We affirm the judgment of the trial court.

The relevant facts are not in dispute. As set forth in the trial court's memorandum of decision, "the plaintiff . . . Cumberland Farms, Inc., owns land with a building, other structures and improvements in Groton. The building is more than twenty years old and was used as a car repair garage and gasoline service station since before the area was zoned residential by the defendant town. Three underground gasoline storage tanks are also located on the property. The car repair use of the building was abandoned in 1979. The remainder of the building continues to be used to sell gasoline and, to a limited extent, snacks and sundries.

"To comply with environmental laws and regulations, the plaintiff's property requires substantial upgrading. To offset the costs of these improvements, the plaintiff applied to the [defendant's] zoning board of appeals [board] for a variance to the zoning regulations so that the [existing] nonconforming use of the property could be expanded to include a convenience store, as well as the existing gasoline service station. The [board] denied the plaintiff's application after a hearing." The plaintiff appealed the board's decision regarding its variance application to the Superior Court.[1] That appeal is presently pending.

---

[1] See *Cumberland Farms, Inc.* v. *Zoning Board of Appeals*, Superior Court, judicial district of New London, Docket No. CV96-0538647S.

On September 5, 1996, the plaintiff filed an amended complaint, claiming inverse condemnation of the property and seeking damages and other compensation, pursuant to the fifth and fourteenth amendments to the United States constitution, as well as article first, § 11, of the Connecticut constitution.[2] The defendant filed a motion to dismiss the plaintiff's amended complaint on the ground that the court lacked subject matter jurisdiction over the plaintiff's inverse condemnation action due to the pending appeal of the board's decision. The plaintiff filed a memorandum of law in opposition to the defendant's motion.

On December 9, 1996, the trial court issued a twelve page memorandum of decision in which it determined that because the plaintiff submitted only one application for a variance to the defendant's zoning regulations, no final administrative decision had been made. The trial court also concluded that the plaintiff was required to exhaust its administrative remedies, through an appeal of the board's adverse decision on its variance application, before it could maintain a separate takings action. Finally, the trial court determined that because the plaintiff could have raised its takings claim in the appeal from the denial of its variance application, the prior pending action rule required that the plaintiff's inverse condemnation action be dismissed. Accordingly, the trial court granted the defendant's motion to dismiss the plaintiff's amended complaint for lack of subject matter jurisdiction. This appeal followed.

[2] The fifth amendment to the United States constitution provides in relevant part: "[N]or shall private property be taken for public use, without just compensation." The taking clause of the fifth amendment is made applicable to the states through the fourteenth amendment. See *Webb's Fabulous Pharmacies, Inc.* v. *Beckwith*, 449 U.S. 155, 160, 101 S. Ct. 446, 66 L. Ed. 2d 358 (1980); *Pennsylvania Central Transportation Co.* v. *New York City*, 438 U.S. 104, 122, 98 S. Ct. 2646, 57 L. Ed. 2d 631 (1978). Article first, § 11, of the Connecticut constitution provides: "The property of no person shall be taken for public use, without just compensation therefor."

As a threshold matter, we must address the defendant's claim that the plaintiff's inverse condemnation action is presently nonjusticiable and premature due to the plaintiff's pending appeal of the board's adverse decision on its variance application. Our Supreme Court has consistently held that our courts may not render advisory opinions. *Domestic Violence Services of Greater New Haven, Inc.* v. *Freedom of Information Commission*, 240 Conn. 1, 6, 688 A.2d 314 (1997). "Such an opinion is one of advice and not of judgment as there are no parties whose rights are adjudicated, and it is not binding on anyone." *Zoning Commission* v. *Fairfield Resources Management, Inc.*, 41 Conn. App. 89, 105, 674 A.2d 1335 (1996). " 'Because courts are established to resolve actual controversies, before a claimed controversy is entitled to a resolution on the merits it must be justiciable.' " *Hallas* v. *Windsor*, 212 Conn. 338, 347, 562 A.2d 499 (1989), quoting *State* v. *Nardini*, 187 Conn. 109, 111, 445 A.2d 304 (1982). " 'Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by judicial power . . . and (4) that the determination of the controversy will result in practical relief to the complainant.' " *Pellegrino* v. *O'Neill*, 193 Conn. 670, 674, 480 A.2d 476, cert. denied, 469 U.S. 875, 105 S. Ct. 236, 83 L. Ed. 2d 176 (1984), quoting *State* v. *Nardini*, supra, 111–12. The general rule is that a case is justiciable if it is "capable of resolution on the merits by judicial action." *Pellegrino* v. *O'Neill*, supra, 673.

The justiciability of a claim is related to its ripeness. The "basic rationale [of the ripeness doctrine] is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until

an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties. The problem is best seen in a twofold aspect, requiring [the court] to evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Abbott Laboratories* v. *Gardner*, 387 U.S. 136, 148–49, 87 S. Ct. 1507, 18 L. Ed. 2d 681 (1967).

In *Lake Carriers' Assn.* v. *MacMullan*, 406 U.S. 498, 506, 92 S. Ct. 1749, 32 L. Ed. 2d 257 (1972), the United States Supreme Court set forth the test to determine whether an "actual controversy" ripe for adjudication existed within the meaning of the Declaratory Judgment Act. 28 U.S.C. § 2201. " 'Basically, the question in each case is whether . . . there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.' " *Lake Carriers' Assn.* v. *MacMullan*, supra, 506, quoting *Maryland Casualty Co.* v. *Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S. Ct. 510, 85 L. Ed. 826 (1941). A hypothetical injury or threat is not a ripe or justiciable claim. *United Public Workers* v. *Mitchell*, 330 U.S. 75, 89–90, 67 S. Ct. 556, 91 L. Ed. 754 (1947). This court has previously stated that we will "decide a case only when it presents a live controversy which can be resolved by relief that is within the court's power to grant." *Schroeter* v. *Salvati*, 6 Conn. App. 622, 623, 506 A.2d 1083 (1986).

In the present case, the plaintiff filed an application with the board for a variance from the defendant's zoning regulations. The board denied the application and the plaintiff appealed to the Superior Court. That appeal is presently pending. Until that appeal has been completed it is impossible to know the extent of the loss, if any, suffered by the plaintiff. "It follows from the nature of a regulatory taking claim that an essential

prerequisite to its assertion is a final and authoritative determination of the type and intensity of development legally permitted on the subject property. A court cannot determine whether a regulation has gone too far unless it knows how far the regulation goes. . . . Until a property owner has obtained a final decision regarding the application of the zoning ordinance and subdivision regulations to its property, it is impossible to tell whether the land retain[s] any reasonable beneficial use or whether [existing] expectation interests ha[ve] been destroyed." (Internal quotation marks omitted.) *Port Clinton Associates* v. *Board of Selectmen*, 217 Conn. 588, 600, 587 A.2d 126, cert. denied, 502 U.S. 814, 112 S. Ct. 64, 116 L. Ed. 2d 39 (1991), quoting *MacDonald, Sommer & Frates* v. *Yolo County*, 477 U.S. 340, 348–49, 106 S. Ct. 2561, 91 L. Ed. 2d 285 (1986).

Until the plaintiff's underlying appeal of the board's decision has been resolved, there can be no final and authoritative determination of the type of development legally permitted on the plaintiff's property. Furthermore, because the extent of any damages sustained by the plaintiff cannot be determined until the resolution of its appeal of the board's decision, the plaintiff's inverse condemnation action is premature and is not presently capable of resolution on the merits.

Our determination that the plaintiff's inverse condemnation action is premature will not result in any hardship to the plaintiff. See *Abbott Laboratories* v. *Gardner*, supra, 387 U.S. 148. If the plaintiff's appeal from the board's decision is denied by the Superior Court, and that denial is sustained on appeal, the plaintiff may at that time be free to pursue its inverse condemnation claim.

We conclude, therefore, that the trial court properly determined that because the plaintiff's appeal from the

board's adverse decision regarding its variance application is pending before the Superior Court, the court lacked subject matter jurisdiction to hear the plaintiff's amended complaint. Our conclusion that the plaintiff's claim is not presently ripe for review makes it unnecessary for us to address the other claims raised by the plaintiff in its appeal.

The judgment is affirmed.

In this opinion the other judges concurred.

