[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this matter, the plaintiff seeks an order that DNA testing be performed on himself, the defendant, and a child for the purpose of determining the paternity of the child. The defendant has moved to dismiss the plaintiff's request on the basis that the court lacks subject matter jurisdiction. Following oral argument of counsel, the court granted the defendant's Motion to Dismiss on December 17, 1997. This written decision is provided in response to the plaintiff s request for an articulation.
There are two general principles of jurisprudence relevant to the court's jurisdiction to hear this matter as presently framed. While it is axiomatic that the Superior Court, as a constitutional court of general jurisdiction, has the power to decide any controversy properly before it, such a controversy must be framed by a complaint which sets forth a cause of action. Practice Book 131 provides, in part: "The first pleading on the CT Page 221 part of the plaintiff shall be known as the complaint. It shall contain a concise statement of the facts constituting the cause of action . . ."
Secondly, the court will "decide a case only when it presents a live controversy which can be resolved by relief that is within the court's power to grant." Schroeter v. Salvati,6 Conn. App. 622, 623 (1986); Cumberland Farms, Inc. v. Town of Groton,46 Conn. App. 514 (1997). In elucidating this notion, the Appellate Court, in Cumberland, stated, "Because courts are established to resolve actual controversies, before a claimed controversy is entitled to a resolution on the merits it must be justiciable . . . . (citations omitted) . . . "Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . .(2) that the interests of the parties be adverse . . .(3) that the matter in controversy be capable of being adjudicated by judicial power . . . and (4) that the determination of the controversy will result on practical relief to the complainant." (Citations omitted) Cumberland Farms,Inc. v Town of Groton, supra, 46 Conn. App. 517.
In reviewing the plaintiff's pleading, the court is unpersuaded that it contains a cause of action or that it presents a controversy fit for the court's determination. The court notes that the plaintiff merely seeks DNA testing without a concomitant request that he be adjudicated the father of the child should the testing so indicate. Additionally, the plaintiff's pleading contains no request for orders should the plaintiff be adjudicated the child's father. Assuming that his prayer for relief were granted, while perhaps scientific evidence sufficient to determine that the plaintiff is or is not the child's biological father would be obtained, the testing itself would not necessarily determine the child's paternity. Thus, the pleading, as presently framed, does not present the issue of the child's paternity for the court's determination, but solely whether or not the plaintiff is the child's biological father.
In opposition to the Motion to Dismiss, the plaintiff asserts that the provisions of C.G.S. 46b-168 entitle him to the requested DNA testing. That statute, however, presupposes the existence of an underlying cause of action. In pertinent part, C.G.S. 46b-168 states, "In any proceeding in which the question of paternity is at issue the court or a family support magistrate, on motion of any party, may order genetic tests . . . to determine whether or not the putative father or husband is the CT Page 222 father of the child." In this case, there is no underlying proceeding pending. By its own terms, the statute does not create a free standing right for a man, woman, or child, to seek genetic testing to determine paternity.
The plaintiff further argues that C.G.S. 46b-160, which entitles a mother or expectant mother to bring a paternity action, is discriminatory because it does not accord a parallel right to a man to bring such an action. The question of the constitutionality of 46b-160 is not properly before the court since the plaintiff has not, in fact, sought to bring a paternity action.[1] While the plaintiff asserts that he seeks equal protection of the laws in bringing this action, by not seeking an adjudication of paternity and appropriate ancillary orders, the plaintiff's motion amounts to a request not available to either the child or the defendant. The plaintiff seeks no more than a requirement that he, the child, and the child's mother undergo genetic testing, presumably to leave the mother and child to their own judicial devices should the testing determine a high probability of his paternity. Such a request does not constitute a cause of action. Nor does his motion, as presently framed, constitute a case in controversy sufficient to invoke the court's jurisdiction.
For the reasons stated, the Motion to Dismiss is granted.
Bishop, J.