[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE DEFENDANTS' MOTION TO DISMISS #101
The plaintiffs in this action find themselves between the proverbial rock and a hard place, a situation in some considerable part of their own making. They sought arbitration under the terms of a contract they had with the defendants, but CT Page 4757 the defendants successfully brought an action in the Ansonia-Milford Judicial District to temporarily and permanently enjoin that arbitration. That decision, Scinto v. Sosin, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 575620, 19 CONN. L. RPTR. 513 (May 22, 1997, Corradino, J.), is presently on appeal to the Appellate Court. This is the rock.
The plaintiffs had not brought either an original action for breach of contract or a counterclaim to the defendants' injunction action seeking to pursue contractual remedies other than through arbitration. Since the granting of the injunction by Judge Corradino, however, they have brought such an action, and they have done so in this court, rather than in Ansonia-Milford, for reasons not relevant to the disposition of the issues presently before the court. The defendants have now moved to dismiss this action on grounds of nonjusticiability, based on their contention that the fact that the arbitration claim is still on appeal and unresolved deprives this court of subject matter jurisdiction over the unripe breach of contract claims. This is the hard place.
The individual defendants are Robert D. Scinto and Barbara A. Scinto. They had been constructing a residence on their land, and on or about November 15, 1990, the plaintiffs entered into an agreement to purchase the property and residence from them. At the same time, the plaintiffs also entered into an agreement with the corporate defendant, Scinto, Inc., to complete the construction of improvements on the property. The plaintiffs allege that the individual defendants personally guaranteed the performance of all the terms and provisions of the construction contract, which itself provided that "any controversy or claim arising out of or related to the contract or the breach thereof, shall be settled by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association. . . ."
In November of 1996, the plaintiffs had initiated arbitration proceedings with the American Arbitration Association. In April of 1997, however, the defendants brought the above-referenced action in the Judicial District of Ansonia-Milford seeking to enjoin the arbitration of certain of the plaintiffs' claims which they contended were not properly arbitrable, and on May 22, 1997, the Court, Corradino, J., temporarily and permanently enjoined the plaintiffs from compelling arbitration of issues regarding construction work performed on the Project prior to November 15, CT Page 4758 1990 and any and all construction work on the Project not performed and/or managed by R.D. Scinto, Inc. at any time thereafter. In addition, the order temporarily and permanently enjoined the plaintiffs from compelling defendants Robert D. Scinto and Barbara A. Scinto to arbitrate any disputes arising out of the November 15, 1990 purchase and sale agreement for the property or the November, 1990 Construction Contract between the plaintiffs and R.D. Scinto, Inc.
The plaintiffs appealed Judge Corradino's orders, and, with that appeal still pending, they also filed the instant five count complaint. In count one, the plaintiffs assert claims against the corporate defendant, R.D. Scinto, Inc., for damages "[they] cannot recover in arbitration for claims relating to construction work Scinto, Inc. performed on the Property before November 15, 1990. In count two, they raise claims against R.D. Scinto, Inc., for damages "to the extent [they] cannot recover . . . in arbitration," which relate to "construction work not performed and/or constructed and/or managed by defendant after November 15, 1990." In count three, they assert claims against the individual defendants for damages arising from breach of the construction contract for which the defendants are liable as a result of their guaranty agreement.[1] In count four, the plaintiffs raise claims against the individual defendants as sellers of property with hidden defects which were not disclosed to the plaintiffs and not reasonably discoverable by the plaintiffs. In count five, the plaintiffs claim that the individual defendants breached the construction contract, urging the court to pierce the corporate veil of R.D. Scinto, Inc., to reach Robert D. Scinto and Barbara A. Scinto, individually.
The defendants have now filed a motion to dismiss the plaintiffs' complaint on the ground that the court lacks subject matter jurisdiction because the plaintiffs' claims are not yet ripe for review by this court and hence are nonjusticiable. The defendants reason that as the plaintiffs are currently appealing the order enjoining them from compelling the defendants to arbitrate certain claims, their present claims are necessarily contingent on the outcome of the appeal and therefore not presently capable of resolution by this court.
The motion to dismiss "attack[s] the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in the original; internal CT Page 4759 quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "Because courts are established to resolve actual controversies, before a claimed controversy is entitled to a resolution on the merits, it must be justiciable." Mayer v.Biafore, Florek O'Neill, 45 Conn. App. 554, 556, 696 A.2d 1282, cert. granted, 243 Conn. 912, 701 A.2d 331 (1997). "Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . .; (2) that the interests of the parties be adverse . . .; (3) that the matter in controversy be capable of being adjudicated by judicial power . . .; and (4) that the determination of the controversy will result in practical relief to the complainant."Nelson v. State, 236 Conn. 1, 6, 670 A.2d 1288 (1996). "In the absence of a justiciable controversy, the courts have no jurisdiction"; Kleinman v.Marshall, 192 Conn. 479, 484, 472 A.2d 772 (1984).
"The justiciability of a claim is related to its ripeness."Cumberland Farms, Inc. v. Town of Groton, 46 Conn. App. 514, 517,699 A.2d 310, cert. granted, 243 Conn. 936, (1997); LakeCarriers Ass'n v. MacMullan, 406 U.S. 498, 506, 92 S.Ct. 1749,32 L.Ed.2d 257 (1972). "The ripeness doctrine is the constitutional mandate case or controversy, U.S. Const. Art. III, [which] requires an Appellate Court to consider whether a case has matured or ripened into a controversy worthy of adjudication before it will determine the same."Neylan v. Pinsky, Superior Court, judicial district of New Haven, Docket No. 347072, (December 6, 1993, Zoarski, J.). "Its basic rationaie is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements." Id.
As to counts one, two, three and five, the defendants argue that the claims which the plaintiffs assert are contingent upon the outcome of the plaintiffs' appeal and thus are nonjusticiable because they are not yet ripe for review. They contend that while the claim the plaintiffs assert in count four is not directly contingent on the outcome of the appeal, it incorporates by reference claims which are contingent upon the appeal. They argue that it too is therefore nonjusticiable. The plaintiffs respond that their claims satisfy the third prong of the justiciability test: they are capable of being adjudicated by judicial power as they do not involve political questions committed to another branch of the government. In addition, they contend that the authority to stay a civil proceeding when an arbitrable issue arises pursuant to General Statutes § 52-409[2] proves that "the pending appeal concerning arbitrability of certain issues . . . does not divest the court of the judicial power to decide those issues here." The plaintiffs also argue that their CT Page 4760 claims come within the fourth prong of the justiciability test as the court is able to give practical relief to the parties because an active controversy exists. They claim that they have endured seven years of delayed construction, and this delay will be exacerbated by having to await the outcome of an appeal. They further argue that dismissal of this lawsuit could jeopardize their ability to bring their claims at a later date if their appeal of Judge Corradino's decision fails after the breach of contract statute of limitations runs.
The issues of ripeness and justiciability have twice been considered by the Appellate Court during the last year. InAmerican Premier Underwriters, Inc. v. National RailroadPassenger Corp. , 47 Conn. App. 384, 390, (1997), the Appellate Court upheld the trial court's dismissal of the plaintiff's claims due to lack of subject matter jurisdiction. The plaintiff there had sought to quiet title to railroad property, claiming that it was the successor in interest to the bankrupted entity, Pennsylvania Central Transportation Company. In 1973, pursuant to federal law, a "Special Court" had been created to implement the conveyancing of bankrupted railroad properties by approving the transfer of deeds. In 1976, the deed to the subject property was conveyed to the defendant, Amtrak. The plaintiff brought suit in the trial court (1) seeking to quiet title; (2) requesting a declaratory judgment; (3) requesting that a constructive trust be imposed; (4) seeking a declaration of fee title or equitable interest; and (5) requesting an accounting. It also commenced an action in the Special Court seeking a determination by that tribunal of the meaning and effect of the 1976 deeds.
In upholding the trial court's finding that the plaintiff's five count complaint was nonjusticiable, the Appellate Court reasoned that the plaintiff could not satisfy the third prong of the justiciability test: "the matter in controversy [must] be capable of being adjudicated by judicial power." Id., 390. Because "each count of the plaintiff's five count complaint relied on the threshold determination of the effect of the 1976 deeds," and because the "special court unquestionably [had] exclusive jurisdiction over the narrow, but important issue of interpreting the 1976 deeds"; id., 387; the trial court [could] not decide the issues presented by the complaint until the [s]pecial [c]ourt [ruled] on the issue concerning the 1976 deeds." Id., 388. "The matter in controversy before the trial court was incapable of being adjudicated by judicial power." Id., CT Page 4761 390. "Consequently, the plaintiff's claims were not ripe and, [were] therefore, not justiciable." Id., 388.
In Cumberland Farms, Inc. v. Town of Groton, supra,46 Conn. App. 519-20, the Appellate Court affirmed the trial court's dismissal of the plaintiffs' claim of inverse condemnation of its real property. The Appellate Court found that the claim was premature. The plaintiff sought to offset the cost of upgrading his property to meet environmental standards by supplementing the existing nonconforming use, as a gasoline service station, to include a convenience store. It applied for a zoning variance, which was denied. The plaintiff appealed the zoning decision to the Superior court. In addition, the plaintiff filed its inverse condemnation action.
In finding that the plaintiff's inverse condemnation action was not justiciable as premature, the Appellate Court reasoned that the plaintiff could not meet the first prong of the justiciability test: that there be an actual controversy between the parties to the dispute. "It follows from the nature of a regulatory taking claim that an essential prerequisite to its assertion is a final and authoritative determination of the type and intensity of development legally permitted on the subject property. A court cannot determine whether a regulation goes too far unless it knows how far the regulation goes. Until a property owner has obtained a final decision regarding the application of the zoning ordinance and subdivision regulations to its property, it is impossible to tell whether the land retains any reasonable beneficial use or whether existing expectation interests have been destroyed." Id., 519-20.[3] See Mayer v. Biafore, supra,45 Conn. App. 556 (dismissing plaintiff's legal malpractice action as premature as the question of whether the attorney injured his client by failing to timely file an underinsured motorist claim, has yet to be adjudicated); Heritage SquareAssocs. v. Blum, Superior Court, judicial district of Stamford-Norwalk, at Stamford, Docket No. 347072, (July 21, 1992, Nigro, J.) (7 CONN. L. RPTR. 103, (7 CSCR 992, 993) ("A cause of action at law, as opposed to a cause in equity, must be complete before it can be put in suit . . . an action cannot be sustained where the injury is only anticipated as a result of a future act.").
The defendants are correct in their argument that the plaintiffs' counts one, two, three and five are not ripe. These counts fail to satisfy the third prong of the justiciability test in that they are "incapable of being adjudicated by judicial CT Page 4762 power." American Premier Underwriters, Inc. v. National PassengerCorp. , supra, 47 Conn. App. 390. Each of these counts relies upon a threshold determination by the Appellate Court, and thus, [this] trial court cannot decide the issues presented . . . until the [Appellate Court] rules." Id., 388. That this court would have had the statutory authority to stay proceedings while the arbitration occurred is not relevant in this situation in which the issue of arbitrability is longer before the trial court.
Counts one and two each assert claims for damages to the extent those damages cannot be recovered in arbitration. The plaintiffs must first await the Appellate Court's decision on whether the claims are arbitrable before they can accurately apprise this court of the damages not recoverable through arbitration. In count three, the gravamen of the plaintiffs' claim is one for damages resulting from breach of the construction contract, for which, the plaintiffs argue, the individual defendants are liable to the same extent as the corporate defendant because they are guarantors. As the threshold question of whether the defendants' claim for construction contract damages is arbitrable is committed to the Appellate Court, "the trial court can not [presently] decide the issue [of what those damages are]." American Premier Underwriters, Inc. v.National Passenger Corp. , supra, 47 Conn. App. 388.
The defendants are also correct in their argument that the claim contained in plaintiffs' count five is nonjusticiable. In that count, the plaintiffs, in urging the court to pierce the corporate veil, merely assert another theory by which they may recover for the defendant Scinto, Inc.'s breach of the construction contract. Once Again, because the threshold matter of which legal entity, an arbitration panel or the trial court, has jurisdiction to decide whether the defendant Scinto, Inc. has breached the construction contract, is committed to the appellate court, "the trial court can not [presently] decide the issue [of what those damages are]." Id.
The defendants are incorrect, however, in their contention that the plaintiffs' count four is nonjusticiable. In that count, the plaintiffs bring a claim against "defendants as sellers of property [and therefore] responsible for hidden defects in the property not disclosed to plaintiffs and not reasonably discoverable." On its face, this appears to be claim for breach of the Purchase and Sale agreement's exception to its "as is" clause which provides that: "buyer agrees that he has examined CT Page 4763 the premises and is fully satisfied with the physical condition and value of the land, buildings and presently accepts them `as is' except for any conditions not reasonably discoverable by the buyer and not disclosed in any building, water or radon test report. . . ." Scinto v. Sosin, supra, Superior Court, Docket No. 057620, 19 CONN. L. RPTR. 513. "The Sosins have a right to sue the Scintos individually for . . . [work performed by R.D. Scinto, Inc. performed prior to November 15, 1990]. . . ." Id. The defendants argue, however, that because the plaintiffs' count four incorporates by reference nonjusticiable provisions of counts one and two (¶¶ 31, 40), it is also rendered nonjusticiable.
As a threshold matter, count four incorporates ¶¶ 1-38 of count two, which in turn incorporates ¶¶ 1-38 of count one. The defendants are correct in so far as they assert that count four incorporates ¶ 31[4] (seeking damages for events occurring prior to November 15, 1990), but a careful review of what is lather confusing complaint reveals that count four does not incorporate ¶ 40[5] of count two or count one (seeking damages for events occurring after November 15, 1990). More importantly, the language of ¶ 31 is somewhat superfluous as the gravamen of count four is a claim for hidden defects.[6]
"[T]he court, in deciding a motion to dismiss, must consider the allegations of the complaint in their most favorable light." (Internal quotation marks omitted.) Savage v. Aronson,214 Conn. 256, 264, 571 A.2d 696 (1990). "While the burden is upon the pleaders to make such averments that the material facts should appear with reasonable certainty . . . whenever the language fails to define clearly the issues in dispute, the court will put upon it such reasonable construction as will give effect to the pleadings in conformity with the general theory which it was intended to follow, and do substantial justice between the parties. Cahill v. Board of Education, 198 Conn. 229, 236,502 A.2d 410 (1985).
To give effect to ¶ 31 in count four would seem to undermine the plaintiffs' plain intent to bring a claim based on breach of the Purchase and Sale agreement. The plaintiffs' asserted claim in count four — that hidden defects in the property were not disclosed to them and were not reasonably discoverable — meets the third prong of the justiciability test as it is "capable of adjudicat[ion] by judicial power";American Premier Underwriters, Inc. v. National Passenger Corp. ,supra, 47 Conn. App. 390; as no other court has "exclusive CT Page 4764 jurisdiction over [it]." Id., 387. In addition, count four meets the fourth prong of the justiciability test: that the determination of the controversy will result in practical relief to the complainant. See Nelson v. State, supra, 236 Conn. 6. A decision by this court that the defendants breached the Purchase and Sale agreement by failing to disclose hidden defects to the plaintiffs, would enable the plaintiffs to recover their damages relating to those defects. See State v. Nardini, 187 Conn. 109,112, 445 A.2d 304 (1982) (the court's deciding the issue of the validity of the Sentence Review Act will grant practical relief to the defendant as such decision will either let the new sentence stand or else reinstate the initial sentence.); Clementv. Clement, 34 Conn. App. 641, 643 A.2d 874 (1994) (The plaintiff's claim that the award of attorney's fees is dischargeable in bankruptcy is nonjusticiable as the court can not afford the plaintiff practical relief as the plaintiff has not filed for bankruptcy.).
Brief mention should be made of the plaintiffs' assertions that their claims are justiciable because they do not involve political questions. Matters involving political questions constitute only one of the types of cases which are incapable of adjudication by judicial power. See American Premier Underwriters,Inc. v. National Railroad Passenger Corp. , supra, 47 Conn. App. 390
(matter involving successors in interest to railroad property "incapable of being adjudicated by judicial power" as another court had exclusive jurisdiction over the matter); State v. Nardini, supra, 187 Conn. 112
(adjudicating "the validity of the Sentence Review Act is an appropriate matter for judicial resolution. Thus, even though the plaintiffs' counts one, two, three and five do not involve political questions, each of these counts is nonjusticiable because a threshold matter upon which the counts rest is committed to the Appellate Court. The fourth count, however, construed in the light most favorable to the plaintiff, escapes a determination of nonjusticiability.
The result which the court is compelled to reach is a troubling one, for if the plaintiffs had asserted the present claims as counterclaims in the defendants' original Ansonia-Milford action, and had they foregone any appeal of the order enjoining, arbitration until after the entire case had been resolved, they arguably would have had justiciable contract claims that they could have pursued in that forum. By pursuing the case in the manner in which they have done, however, the plaintiffs have assumed the risk that the statute of limitations may run on their breach of contract claims before the appeal of CT Page 4765 Judge Corradino's order is decided. This is unfortunate, but it is clear from American Premier Underwriters, Inc. v. NationalRailroad Passenger Corp. , supra, that such a concern can not be considered in determining whether a claim is presently justiciable. Moreover, although a stay of these proceedings would be a logical way to resolve the present dilemma, this court's perception of logic is required to give way to an absence of subject matter jurisdiction.
The defendants' motion to dismiss is therefore granted as to counts one, two, three and five. These counts rely upon a threshold determination which has yet to be made by the Appellate Court and are therefore nonjusticiable as not yet ripe for review. The court is thus deprived of subject matter jurisdiction as to them.
The motion to dismiss is denied, however, as to count four. This court is justiciable, and the court therefore has subject matter jurisdiction over it.
SILBERT, J.