[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO STRIKE
The defendants move to strike the plaintiffs' offer of judgment on the ground that, pursuant to General Statutes §52-192a, the offer of judgment became invalid when the judgment in this case was reversed and remanded for a new trial.[1] The plaintiffs oppose the motion to strike arguing that the defendant's motion is not permitted by the Practice Book, the issue raised by the motion to strike is not ripe for adjudication, and the offer of judgment remains in effect pursuant to section 52-192a.
The fundamental dispute is, pursuant to General Statutes § 52-192a, whether interest on the amount of the offer of judgment, if the plaintiffs are successful and awarded an amount equal to or in excess of the offer of judgment, should be computed from the date the complaint was filed in October of 1991, or whether the plaintiffs should be required to file a new offer of judgment, since the case has been remanded for a new trial. In the latter case interest would be computed from the date that new offer of judgment is filed.
The threshold question for this court is whether the issue is justiciable at this time. "The justiciability of a claim is related to its ripeness." Cumberland Farms Inc. v. Groton,46 Conn. App. 514, 517, 699 A.2d 310 (1997), cert granted on other grounds, 243 Conn. 936, 702 A.2d 641 (1997). "Justiciability requires . . . that there be an actual controversy between or among the parties to the dispute. . . ."Board of Education v. State Board of Education,243 Conn. 772, 776, ___ A.2d ___ (1988). "Courts exist for determination of actual and existing controversies, and under the law of this state the courts may not be used as a vehicle to obtain judicial opinions on points of law. . . ." Domestic Violence Servicesof Greater New Haven v. FOIC, 240 Conn. 1, 6-7, 688 A.2d 314
(1997).
No actual controversy regarding the plaintiff's offer of judgment exists in this case at the present time. Although the date giving effect to the offer of judgment, for purposes of computing interest, may be relevant if the plaintiff ultimately prevails, whether the offer of judgment will be relevant is mere CT Page 6574 speculation at this time. Since this issue is not ripe, the court need not address the parties additional arguments.
Accordingly, the defendants' motion to strike is denied.
Handy, J.