[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION TO DISMISS #101
This is an action brought in four counts against the City of CT Page 6470 Waterbury and its mayor, Philip A. Giordano, seeking damages from the alleged wrongful termination of the Plaintiff's, employment with the City of Waterbury. Pending in this Court is an appeal taken by this Plaintiff from the action of the Civil Service Commission of the City of Waterbury in which they voted against the renewal of the plaintiff's contract. Horner v. Civil Service Commission CV 97-0142111 (hereinafter "Civil Service Case"). Both the instant action and the Civil Service Case contain were filed with this court on the same date, and each have the same return date. The defendant claims that this Court lacks subject matter jurisdiction on the basis of the prior pending action doctrine.
Although these actions are not identical in every respect, they are closely related and involve the same underlying rights, that this Court is compelled to apply the prior pending action doctrine as the Defendant urges.
The similarities in both actions are obvious. Each arises out of the Plaintiff's discharge, and the Defendant in both, in effect, is the City of Waterbury. The claims for relief differ in that in the Civil Service Case the Plaintiff seeks reinstatement without a prayer for money damages. If, however, the Court grants the relief sought in the Civil Service Case, the Plaintiff would be entitled to his salary back to the date of separation, July 2, 1997. In the instant case, the Plaintiff is seeking monetary damages for the breach, similar to the monetary claim in the Civil Service Case and additional monies, including punitive and treble damages. The difference in the monetary claims in these cases is simply a matter of amount. The court acknowledges that the claims in this case, as pled in Counts two through four are different from the claim in the Civil Service Case. However, it is unlikely that the Plaintiff would prevail in these counts if they did not succeed in the Civil Service Case.
The prior pending action doctrine is a rule of equity that can be invoked when two separate actions are so much alike or "virtually alike" so that bringing the second action is oppressive and vexatious. Halpern v. Board of Education,196 Conn. 647, 652 (1985). The Court finds that these actions are virtually alike and that this case could not be tried until that case is finalized, which makes this case amenable for dismissal. Although the remedy sought in this case differs from that sought in the Civil Service Case like the differences in the Halpren cases the ultimate goals were not dissimilar. Id, 652. SeeNorthern Homes Distributors, Inc. v. Grosch, 22 Conn. App. 93 (1990). CT Page 6471
In addition, this case is premature since the issues raised here depend on the result of the appeal from the Civil Service Commission. Until the issues in the Civil Service Case are resolved, this case is not ripe for trial. The Court does not have jurisdiction in this case until the administrative appeal is adjudicated Cumberland Farms v. Town of Groton, 46 Conn. App. 514
(1997).
The Court, therefore, will grant the Defendant's Motion to Dismiss.
PELLEGRINO, J.