[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS (#107)
The defendants, John McGuire and Gerard Egan, are deputy sheriff and high sheriff, respectively, for the County of New London, State of Connecticut. The plaintiff, National Loan Investors, brings this action for monetary damages due to the defendants' alleged failure to properly serve process in the plaintiff's attempt to obtain a prejudgment attachment remedy in a separate commercial collection lawsuit.
According to the complaint, the plaintiff instituted a commercial recovery action pursuant to a promissory note on or about April 24, 1998. In that action, the plaintiff allegedly sought to attach certain assets. The plaintiff alleges that the defendants negligently served the wrong persons/institutions contrary to the terms of the summons for attachment. In addition, the plaintiff alleges that the defendants failed to timely forward the process. Because of the improper and untimely service, the plaintiff alleges that it was forced to refile its summons for attachment. As the result of this delay, the plaintiffs allege that the commercial defendants in the separate action transferred funds out of the accounts sought to be attached. This transfer of funds, the plaintiff alleges, has caused the plaintiff to "permanently and irrevocably" suffer damages. Complaint, First Count ¶ 16.
In addition to negligence and breach of contract counts against the defendants, the plaintiff alleges a violation of General Statutes § 6-32,[1] and requests double damages. The defendants move to dismiss the complaint for want of subject matter jurisdiction on the grounds that the claims against the defendants are not ripe for adjudication, and are barred by the doctrine of sovereign immunity.
"The grounds which may be asserted in [a motion to dismiss] are: (1) lack of jurisdiction over the subject matter; (2) lack CT Page 10701 of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; and (5) insufficiency of service of process." Zizka v. Water Pollution Control Authority,195 Conn. 682, 687, 490 A.2d 509 (1985). "A case that is nonjusticiable must be dismissed for lack of subject matter jurisdiction." Mayerv. Biafore, 245 Conn. 88, 91, 713 A.2d (1998).[2] Similarly, "the doctrine of sovereign immunity implicates subject "matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Internal quotation marks omitted.) Federal DepositInsurance Corp. v. Peabody. N.E. Inc., 239 Conn. 93, 99,680 A.2d 1321 (1996). "It is well established that in ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Lawrence Brunoli. Inc. v. Branford, 247 Conn. 407, 410,722 A.2d 271 (1999).
In opposition to the motion, the plaintiff first argues that the motion is untimely because it was not filed within thirty days of the defendants' appearance. This argument is without merit.
Although a motion to dismiss must be filed within thirty days of the defendant's filing of its general appearance, see Practice Book § 10-30 (formerly § 142); Discover Leasing, Inc. v.Murphy, 33 Conn. App. 303, 307, 635 A.2d 843 (1993), a defendant may move to dismiss for lack of subject matter jurisdiction at any time. See Practice Book § 10-33 (formerly § 145);Stroiney v. Crescent Lake Tax District, 205 Conn. 290, 294,533 A.2d 208 (1987); Brown v. Frankel, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 047477 (April 17, 1997, Flynn, J.). Because the defendants move to dismiss on the ground of subject matter jurisdiction, their filing of the present motion is not considered untimely and, therefore, is properly before this court.
The defendants' first ground for dismissal is that the plaintiff has not yet suffered legal harm by the defendants' alleged negligent service and, therefore, the case is not ripe. That is, because the plaintiff was seeking a prejudgment remedy, any injury to the plaintiff could only occur upon a final judgment in plaintiff's favor in the underlying action and inability to collect on the judgment. The plaintiff counters by arguing that its injury is manifested because the note which CT Page 10702 formed the basis for its collection action entitled the plaintiff to attach property as security in the event of default. The plaintiff argues that its contractual bargain has been jeopardized as the result of the defendants' negligent service. In addition, the plaintiff argues that it would be inequitable to require it to await a final judgment in the underlying collection action at the risk of the statute of limitations expiring in the present action.
"The justiciability of a claim is related to its ripeness."Cumberland Farms, Inc. v. Groton, 46 Conn. App. 514, 517,699 A.2d 310, rev'd on other grounds, 247 Conn. 196, 719 A.2d 465
(1997). "Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by judicial power . . . and (4) that the determination of the controversy will result in practical relief to the complainant." (Internal quotation marks omitted.) Mayer v. Biafore, supra, 245 Conn. 91.
This court agrees with the plaintiff that it has already suffered an identifiable harm because of the defendants' alleged negligence. In particular, the plaintiff has allegedly lost a means of securing itself in the underlying collection action. "The purpose of the prejudgment remedy of attachment is security for the satisfaction of the plaintiff's judgment, should he obtain one." (Internal quotation marks omitted.) Lewis Truck Trailer. Inc. v. landreau, 11 Conn. App. 168, 170, 526 A.2d 532
(1 987). "The purpose [of a prejudgment remedy] is to preserve the asset while the matter is being litigated, not to effectuate a transfer prior to a trial on the merits." Rosenberg v.Rosenberg, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 356648 (January 5, 1999, Frankel, J.). A prejudgment remedy is "any remedy or combination of remedies that enables a person by way of attachment, foreign attachment, garnishment or replevin to deprive the defendant in a civil action of, or affect the use, possession or enjoyment by such defendant of, his property prior to final judgment." (Internal quotation marks omitted.) Fermont Division v. Smith,178 Conn. 393, 398, 423 A.2d 80 (1979) (quoting General Statutes §52-278a (d)).
The court finds that the purpose of the prejudgment remedy would be frustrated if the plaintiff can prove its allegations against the defendants. Although the plaintiff may not ultimately CT Page 10703 prevail in the collection action, or alternatively, may in fact be able to collect the judgment without the necessity of attachment, at present, the plaintiff has allegedly lost the ability to secure itself to the fullest extent to which it was entitled. Cf. Tomback v. Lyons, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 305739 (September 2, 1997, Hartmere, J.) (failure to timely record mortgage results in inadequate security, stating legal malpractice claim). Accordingly, the court concludes that the instant matter is ripe for adjudication.
The defendants' second ground for dismissal is that they are shielded from any liability pursuant to the doctrine of sovereign immunity. In opposition, the plaintiff cites General Statutes §§ 6-30 and 6-30a as a legislative waiver of sovereign immunity as applied to its claims against the defendants.
"[S]ince the state can act only through its officers and agents a suit against a state officer is in effect one against the sovereign state." (Internal quotation marks omitted.) Whitev. Burns, 213 Conn. 307, 312, 567 A.2d 1195 (1990). "It is well established law that the state is immune from suit unless it consents to be sued by appropriate legislation waiving sovereign immunity in certain prescribed cases." Id. "[It is] well settled . . . that when the state waives sovereign immunity by statute, a party attempting to sue under the legislative exception must come clearly within its provisions, because [s]tatutes in derogation of sovereignty should be strictly construed in favor of the state, so that its sovereignty may be upheld and not narrowed or destroyed." (Internal quotation marks omitted.) Babes v. Bennett, 247 Conn. 256, 262, 721 A.2d 511
(1998). "The state's sovereign right not to be sued may be waived by the legislature, provided clear intention to that effect is disclosed by the use of express terms or by force of a necessary implication." Id.
The state legislature has waived sovereign immunity in actions against sheriffs and deputy sheriffs for certain "tortious acts" committed by them. See General Statutes §§6-30; 6-30a. Section 6-30 provides: "No person shall enter upon the duties of sheriff until he executes a bond of ten thousand dollars, to the acceptance of the governor, payable to the state, conditioned that he will faithfully discharge the duties of his office, including his duties when serving as deputy of another sheriff . . . and answer all damages which any person may sustain
CT Page 10704 by his unfaithfulness, malfeasance, wrongdoing, misfeasance or neglect. . . ." (Emphasis added.) General Statutes § 6-30. In addition, § 6-30a provides: "Each sheriff and deputy sheriff . . . shall be required to carry personal liability insurance for damages caused by reason of his tortious acts. For the purpose of this section, "tortious act' means negligent acts, errors, omissions for which such sheriff or deputy sheriff may become legally obligated to any damages for false arrest,erroneous service of civil papers, false imprisonment, malicious prosecution, libel, slander, defamation of character, violation of property rights or assault and battery if committed when attempting to make an arrest . . .; provided it shall not include any such act unless committed in the performance of the official duties of such sheriff or deputy sheriff." (Emphasis added.) General Statutes § 6-30a.
Our appellate courts have not addressed nor held whether §§ 6-30 and 6-30a operate so as to waive sovereign immunity. At least two trial courts have, however, concluded that §§6-30 and 6-30a waive sovereign immunity to permit claims against a sheriff and their deputies for the specific tortious acts enumerated in § 6-30a. See, e.g., Davis v. Mak, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 329180 (March 7, 1997, Thim, J.) (holding sovereign immunity is waived only for specific tortious acts enumerated in §6-30a); Arbucci v. Farmers Mechanics Bank, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 458674 (June 28, 1994, Berger, J.) (holding §§ 6-30 and6-30a collectively waive sovereign immunity).
This court agrees with the reasoning in Arbucci and Davis,
supra, and concludes that sovereign immunity is waived for specific tortious conduct listed in § 6-30a. In the present case, because the plaintiff has alleged at least one of the specific torts — erroneous service of civil papers — the defendants are not entitled to invoke sovereign immunity.
Accordingly, the court finds that the legislature has provided a specific waiver of sovereign immunity applicable to the plaintiff's claims against the defendants in this case.
For the foregoing reasons, this court does possess jurisdiction over the subject matter of the plaintiff's complaint. Accordingly, the defendants' motion is denied. CT Page 10705
Martin, J.