[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (# 111)
The plaintiff, Donald Ekman, as executor of the estate of Anne Ekman and individually brings an action against the defendants, Jerry McCarthy, Tide Harbor Towers Condominium Association B, Inc. (Condo Association), and Tide Harbor Towers Master Condominium Association, Inc. (Master Association). The five-count complaint sounds in tortious interference with business relationship against all defendants, and CT Page 5829 seeks injunctions against the Condo Association and the Master Association.
Upon the death of his mother, Ekman set out to sell her Bridgeport condominium. Ekman replaced a defective and leaking 8 foot sliding glass door with a new one, which was 6 feet tall. Ekman then secured a buyer for the condominium. McCarthy, an employee of the Condo Association, entered Ekman's condominium to inspect the 6 foot door. McCarthy wrote a letter to the buyer's attorney stating that the six-foot door did not comply with the Condo Condo Association's by-laws and that the new owner would be responsible for an eight-foot door replacement. As a result of that letter, the buyer refused to close, which was scheduled for the next day. After negotiations, the buyer agreed to close, provided that Ekman indemnify the buyer against any claims or causes of action from the Condo or Master Associations regarding the sliding door.
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." Practice Book § 10-31. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089
(1998).
The defendants argue that Ekman's claims are not ripe for adjudication. They argue, there is no controversy to adjudicate because the defendants have not sought to compel the new owner to replace the non-compliant door. Further, the defendants argue that Ekman has not suffered damages because he has not had to indemnify the new owner against any actions by the defendants. Ekman argues that he suffered damages as a result of the defendants' tortious interference with his business relationship in that he was forced to post a cash bond and agree to indemnify and hold harmless the new owner.
"Because courts are established to resolve actual controversies, before a claimed controversy is entitled to a resolution on the merits it must be justiciable. Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by judicial power . . . and (4) that the determination of the controversy will result in CT Page 5830 practical relief to the complainant." (Citations omitted; internal quotation marks omitted.) American Premier Underwriters, Inc. v.National Railroad Passenger Corp., 47 Conn. App. 384, 388, 704 A.2d 243
(1997). "The justiciability of a claim is related to its ripeness. The basic rationale [of the ripeness doctrine] is to prevent the courts, through premature avoidance of adjudication, from entangling themselves in abstract disagreements. . . . The problem is best seen in a twofold aspect, requiring [the court] to evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration. . . . "[The] court . . . will decide a case only when it presents a live controversy which can be resolved by relief that is within the court's power to grant." (Citations omitted; internal quotation marks omitted.) Cumberland Farms, Inc. v. Groton,46 Conn. App. 514, 517-18, 699 A.2d 310 (1997).
"[F]or a plaintiff successfully to prosecute [an action for tortious interference] it must prove that the . . . defendant was guilty of fraud, misrepresentation, intimidation or molestation . . . or that the defendant acted maliciously. . . . [A]n action for intentional interference with business relations . . . requires the plaintiff to plead and prove at least some improper motive or improper means." (Citations omitted; internal quotation marks omitted.) Daley v. AetnaLife Casualty Co., 249 Conn. 766, 805-06, 734 A.2d 112 (1999). Ekman alleged that as a result of the defendants' intentional and willful interference with his business relationship with the new owner, he was forced to change his contract to his detriment. From that alleged interference arises an actual controversy that the court may adjudicate. Accordingly, a controversy exists and the court has subject matter jurisdiction over all the claims in the plaintiff's complaint.
Based on the foregoing, the court denies the motion to dismiss because there is an actual case or controversy that confers subject matter jurisdiction on the court.
JOHN W. MORAN, JUDGE