[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO DISMISS #109
 FACTUAL BACKGROUND
On June 16, 1998, the plaintiffs, James Jones, Rita Jones, Edward Iadarola, Dawn Iadarola, James W. Clark, Stephen J. Rimkus, John Rimkus and Mary Rimkus (collectively, the plaintiffs), filed a six count complaint against the defendants, Naugatuck Treatment Company (NTC), town CT Page 1355 of Naugatuck and the state of Connecticut Department of Environmental Protection (DEP), wherein the following facts are alleged.[1] The plaintiffs are all residents of Naugatuck, Connecticut and all own property near the sewer and water control facility (facility) maintained by the town of Naugatuck and operated by NTC. The plaintiffs allege that for many years, they have noticed foul odors, vapors, fumes and other contaminants in the air which were produced at the facility. As a result of the defendants' conduct,[2] the plaintiffs allege physical injuries and monetary losses. The plaintiffs are requesting compensatory damages, costs for this action, injunctive relief, attorneys fees pursuant to General Statutes §§ 22a-18 and 48-17b and such other relief that this court deems just and equitable.[3]
On August 24, 1998, NTC filed a motion to dismiss accompanied by a memorandum and two supporting affidavits which were attached to the DEP's motion to dismiss.[4] On October 28, 1998, the plaintiffs filed their objection to NTC's motion to dismiss. On September 11, 2000, the plaintiffs filed a supplemental objection to the defendant's motion to dismiss. Thereafter, on September 29, 2000, NTC filed a reply memorandum in support of its motion to dismiss. NTC's motion to dismiss is now before the court.
 DISCUSSION
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). A motion to dismiss may only be used to assert "(1) lack of jurisdiction over the subject matter of the complaint, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process." "The motion to dismiss. . . admits all facts which are well pleaded, invokes the existing record, and must be decided upon that alone." (Internal quotation marks omitted.) Barde v. Board of Trustees ofRegional Community Colleges, 207 Conn. 59, 62, 539 A.2d 1000 (1988); see also Knipple v. Viking Communications, 236 Conn. 602, 608, 674 A.2d 426
(1996). "It is well established that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Internal quotation marks omitted.) Amodio v.Amodio, 247 Conn. 724, 728, 724 A.2d 1084 (1999). "In evaluating a motion to dismiss, [t]he evidence offered by the plaintiff is to be taken as true and interpreted in the light most favorable to [the plaintiff], and every reasonable inference is to be drawn in [the plaintiff's] favor. . . ." (Citations omitted; internal quotation marks omitted.) Thomas v.West Haven, 249 Conn. 385, 392, 734 A.2d 535 (1999), cert. denied, ___ CT Page 1356 U.S. ___, 120 S.Ct. 1239, 146 L.Ed.2d 99 (2000).
NTC first argues that the court should dismiss the plaintiffs' claims for injunctive relief against NTC because the DEP has primary jurisdiction over the subject matter of the plaintiffs' claims. In response, the plaintiffs argue that in light of General Statutes §§22a-16 and 22a-18(b), the doctrine of primary jurisdiction has no bearing on this case.[5]
"Primary jurisdiction . . . applies where a claim is originally cognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body; in such a case the judicial process is suspended pending referral of such issues to the administrative body for its views." (Internal quotation marks omitted.) United States v. Western PacificRailroad Co., 352 U.S. 59, 63, 77 S.Ct. 161, 1 L.Ed.2d 126 (1956); see also Mazzola v. Southern New England Telephone Co., 169 Conn. 344, 349,363 A.2d 170 (1975). The doctrine of primary jurisdiction "cannot operate to divest a court of its ultimate jurisdiction. . . .[T]he threshold issue in determining whether [the] doctrine [of primary jurisdiction] applies is whether both the court and an agency have jurisdiction over the same issue." (Citations omitted; internal quotation marks omitted.)Second Injury Fund of the State Treasurer v. Lupachino, 45 Conn. App. 324,348-49, 695 A.2d 1072 (1997). "[A] court may not refer a controversy within its jurisdiction to an agency under [the primary jurisdiction] doctrine where the agency itself lacks jurisdiction; the court's jurisdiction in such cases is exclusive." (Citations omitted.) Mazzolav. Southern New England Telephone Co., supra, 349.
In the present case, the plaintiffs seek a temporary injunction restraining and enjoining Naugatuck and NTC from operating NTC until such time as these defendants have taken appropriate measures to eliminate foul odors and insect infestation. The plaintiffs have the right to invoke the jurisdiction of this court for the purpose of protecting the public trust in the air, water and other natural resources of the state from unreasonable pollution, impairment or destruction. General Statutes § 22a-16. This court is under no obligation to refer this matter to the DEP pursuant to General Statutes § 22a-18(b). Therefore, this court has jurisdiction over the subject matter and the doctrine of primary jurisdiction does not bar this court from exercising jurisdiction over the plaintiffs' claim for injunctive relief.
NTC next argues that the plaintiffs' claims for monetary damages are not ripe for judicial review. "The justiciability of a claim is related to its ripeness." Cumberland Farms, Inc. v. Groton, 46 Conn. App. 514, CT Page 1357 517, 699 A.2d 310, rev'd on other grounds, 247 Conn. 196, 719 A.2d 465
(1997). "The justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by judicial power . . . and (4) that the determination of the controversy will result in practical relief to the complainant." (Internal quotation marks omitted.) Mayer v.Biafore, Florek O'Neill, 245 Conn. 88, 91, 713 A.2d 1267 (1998).
In the present case, in addition to seeking injunctive relief, the plaintiffs' complaint alleges various common-law theories of liability and seeks relief in the form of monetary damages for losses suffered as a result of foul odors that have emanated from NTC's plant for years. (See e.g., Complaint, count one, ¶¶ 13, 17-23, 27-28, 30, 32.) For example, the plaintiffs claim monetary damages for diminution in the value of their homes, deprivation of the use of their property and emotional distress. Based on the foregoing, the court finds that there is (1) an actual controversy between NTC and the plaintiffs; (2) NTC's and the plaintiffs' interests are adverse; (3) this matter is capable of being adjudicated by this court and; (4) a determination of this controversy in the plaintiffs' favor will result in practical relief for the plaintiffs. Mayer v. Biafore, Florek O'Neill, supra, 245 Conn. 91. Because the plaintiffs meet the four prong justiciability test, the plaintiffs' claims for monetary damages are ripe for judicial review.
NTC further argues that this action should be dismissed for lack of jurisdiction due to failure to exhaust administrative remedies. The plaintiffs argue, alternatively, that because the DEP cannot grant the relief they seek, they are not bound to exhaust administrative remedies.[6] "One of the limited exceptions to the exhaustion rule arises when recourse to the administrative remedy would be demonstrably futile or inadequate. . . . An administrative remedy is futile or inadequate if the agency is without the authority to grant the requested relief." (Citations omitted; internal quotation marks omitted.) Mendillo v. Board of Education, 246 Conn. 456,467, 711 A.2d 1177 (1998). Moreover, "administrative relief cannot encompass a monetary award." Cummings v. Tripp,204 Conn. 67, 80, 527 A.2d 230 (1987).
As indicated above, in addition to seeking injunctive relief, the plaintiffs seek monetary compensation for the ongoing operation of the sewage treatment facility.[7] The DEP is without authority to grant this sort of requested relief. Additionally, this court has the power to grant temporary or permanent equitable relief as required to protect the public trust in the air, water and other natural resources of the state from unreasonable pollution, impairment or destruction. General Statutes CT Page 1358 § 22a-18 (a). Accordingly, the plaintiffs are not required to seek injunctive relief solely from the DEP. Therefore, the plaintiffs are not required to exhaust administrative remedies for both their claims of monetary damages and injunctive relief. NTC also argues that the action should be dismissed because the plaintiffs lack standing to bring an action under General Statutes § 22a-16. "Standing concerns the legal right of an individual to set the machinery of the courts in operation."Stroiney v. Crescent Lake Tax District, 205 Conn. 290, 294, 533 A.2d 208
(1987). "Standing is not a technical rule intended to keep aggrieved parties out of court . . . . Rather it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented." Gay Lesbian Law Students Assn. v.Board of Trustees, 236 Conn. 453, 463, 673 A.2d 484 (1996). "The requirements of justiciability and controversy are ordinarily held to have been met when a complainant makes a colorable claim of direct injury he has suffered or is likely to suffer, in an individual or representative capacity." Id., 463-64.
The plaintiffs have standing to bring claims under General Statutes § 22a-16 The plaintiffs have sufficiently alleged a colorable claim of injury, both physical and monetary, as a result of operation of the sewage treatment plant by NTC. Accordingly, NTC's motion to dismiss is denied on this ground as well.
 CONCLUSION
For all of the foregoing reasons, NTC's motion to dismiss is denied.
CHASE T. ROGERS, J.