DOMINIC GRECO *v.* FRED MORCALDI ET AL.

FRED MORCALDI *v.* DOMINIC A. GRECO

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued October 9—decided November 20, 1958

*James R. Greenfield,* for the appellant (plaintiff in the first case and defendant in the second).

*Sherman Drutman,* for the appellees (defendants in the first case and plaintiff in the second).

DALY, C. J.  The court, on stipulation of the parties, ordered that the appeals of Dominic Greco, who is the plaintiff in the first case and the defendant in the second, be combined in accordance with the provision of § 382 of the Practice Book.  Greco, hereinafter referred to as the owner, brought the first action against Fred Morcaldi, James Morcaldi and Frank Morcaldi to recover damages for their alleged failure to perform a building contract.  Fred Morcaldi, hereinafter referred to as the contractor, brought the second action to recover from the owner the reasonable value of services rendered and materials furnished.  The court rendered judgment for the contractor and the other two defendants in the first action and for the contractor in the second action.  The owner has appealed from the judgments.

The owner, in his assignment of errors, made a wholesale attack upon the finding.  He claimed that the court erred in refusing to find material facts as set forth in fifty-seven paragraphs of his draft find-

ing. In his brief, he has modified this claim, contending that the court erred in refusing to find the facts as set forth in twenty-nine paragraphs of his draft finding. He claimed, also, that the court erred in finding certain facts as set forth in eleven paragraphs of the finding and in reaching the conclusions stated in it. Many of the suggested facts are not admitted or undisputed. "Absence of direct contradiction by the mouth of a witness does not make a fact undisputed within the meaning of the rule. . . . The trial court is at liberty to discredit any witness or multitude of witnesses, if it deems that it has cause to do so. It is one of the important functions of a trier to determine the relative credit to be given to oral evidence. Otherwise false testimony would be a more serious factor in the administration of justice than it now is." *Allis* v. *Hall*, 76 Conn. 322, 340, 56 A. 637; *Eastern Sportswear Co.* v. *S. Augstein & Co.*, 141 Conn. 420, 422, 106 A.2d 476. Other proposed paragraphs consist of immaterial or evidential matters. The remaining requested additions would incorporate facts which would not advantage the owner. *Starkel* v. *Edward Balf Co.*, 142 Conn. 336, 338, 114 A.2d 199. Reasonable inferences may be deduced by the trial court from the testimony of witnesses. *Palladino* v. *Nardi*, 133 Conn. 659, 662, 54 A.2d 265. The facts which the owner claimed the court erred in finding were supported by the evidence and by the inferences reasonably drawn from it, except as hereinafter noted.

The finding of facts may be summarized as follows: On April 1, 1956, and for a long time prior thereto, Fred Morcaldi was a building contractor. His brother Frank was his employee. At some time prior to that date, the owner consulted with Frank concerning arrangements for the construction of a

house, and three sets of plans were ordered through a lumber dealer. The plans arrived about October 28, 1955. The owner obtained building and sanitation permits about December 1, 1955. On or before April 1, 1956, the contractor agreed to build a brick-veneer house for the owner in accordance with a set of plans as modified. They agreed that the price would be $16,000. There were no written specifications. The agreements of the parties were not reduced to writing. The owner agreed to make payments to the contractor as the construction of the house progressed. Work was commenced by the contractor in May, 1956. On May 29, it was agreed that if the owner would pay for the materials, their cost would be credited to him against the contract price. As a result of this arrangement, the owner paid $3359.83, plus interest of $118.96, to the building material supplier. The foundation of the house was constructed in late May, 1956. On May 29, the owner paid $1500 to the contractor. Part of that sum, $944.54, was reimbursment for materials purchased by the contractor. The balance, $555.46, was applied against the charge for labor.

The court further found: The owner had agreed to make a second payment to the contractor when the house was framed, but he failed to make this payment. He informed the contractor that he had requested a payment under his construction mortgage but had been told that construction had not advanced sufficiently to warrant the payment. Thereafter, the contractor demanded a payment for plumbing. The owner told him to discontinue the plumbing work and that he, the owner, would have his own plumber do it. In October, 1956, the contractor was discharged from the job by the owner. When the contractor left, the foundation of the house had been

constructed, the house, garage and breezeway were framed, sheathed and roofed, the windows were installed, all partitions were in, and the roof had been covered with asphalt shingles. Some plumbing and electrical work had been done. All of the work performed by the contractor was done in accordance with the plans as modified and in good workmanlike manner, except that the plumbing fixtures and windows in the bathroom were awkwardly placed and the lap joints in the eaves were not mitered. Although there was nothing in the plans to indicate that these joints were to be mitered, good workmanlike construction demanded it. The reasonable value of the labor as performed by the contractor, including plumbing work, was $2250. The contractor received about $550 for his services, and his plumber received $200, leaving a balance of $1500 owing to the contractor. There was no unpaid claim for materials. After he had discharged the contractor, the owner engaged another builder and a plumber to complete the construction of the house. The total cost to the owner exceeded $16,000, the contract price.

The court concluded that the owner was not entitled to recover in his action against the contractor; that any deviations by the contractor were not wilful; that the work performed by him was neither of such poor character nor so contrary to the requirements of the contract as to justify the owner's refusal to allow him to complete the contract; and that the contractor was entitled to recover $1500, the difference between $750, the total of the payments made by the owner, and $2250, the reasonable value of the services rendered.

Compensation is allowed for services rendered under a contract, but not in entire accord with it,

if the deviation was not wilful and the other party has availed himself of, and been benefited by, such labor. *Pinches* v. *Swedish Evangelical Lutheran Church,* 55 Conn. 183, 187, 10 A. 264. A contractor is permitted to recover the reasonable value of services rendered when the other party has wrongfully prevented him from completing the contract. *Valente* v. *Weinberg,* 80 Conn. 134, 138, 67 A. 369; *Dadio* v. *Dadio,* 123 Conn. 88, 92, 192 A. 557.

In one assignment of error, the owner claimed that the trial court erred in finding that the reasonable value of the labor performed by the contractor, including plumbing work, was $2250. The owner contended, also, that the court erred in concluding that the reasonable value of the services rendered, with proper deductions, was $2250, and that since $200 was paid to the plumber and $550 to the contractor, the latter was entitled to recover $1500 damages. The contractor testified that when he left the job the foundation was in, the house was framed and covered with siding, the roof was shingled, the plumber and the electrician were working on the house, and the reasonable value of the work then performed was $2000. In addition, the electrician testified that he had almost finished roughing in the wiring, that his work was performed in accordance with the plan, and that he estimated the value of his work at $200 or $225. It is apparent that, in finding that $2250 was the reasonable value of all of the labor performed, the court made a mathematical error in totaling $2000 and $225. The correct total is $2225, not $2250. The owner was entitled to a credit of $755.46, the total of $200 paid to the plumber and $555.46, the exact sum applied against the charge for labor. Deducting $755.46 from $2225 leaves a balance of $1469.54, the amount due.

There is no error in the first case; there is error in the amount of the judgment in the second case, the judgment is set aside and the case is remanded with direction to render judgment as on file except that the amount of damages shall be corrected to accord with this opinion.

In this opinion the other judges concurred.