## Town and Country House and Homes Service, Inc. v. Kenneth Evans

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued December 5, 1962—decided February 19, 1963

*Robert B. Seidman,* for the appellant (plaintiff).

*Louis L. Bucciarelli,* for the appellee (defendant).

SHEA, J.   The plaintiff conducts a housecleaning business and provides men and machinery for that purpose. The defendant was employed by the plaintiff from May, 1957, to March, 1960.  It was the plaintiff's custom to require its employees to sign covenants binding them, under certain circumstances, not to engage in the housecleaning business after the termination of their employment with the plaintiff.   The defendant was requested to sign such a covenant but refused to do so.  He worked for the plaintiff at the homes of various customers in Fairfield County in this state and in Westchester County in New York.  During the latter part of his employment, he told a number of the plaintiff's cus-

tomers that he was planning to enter the house-cleaning business for himself, and he solicited business from them. Thereafter, the defendant terminated his employment and started his own house-cleaning business. At the time of the trial he had fifteen regular customers, some of whom were former customers of the plaintiff.

On these facts, the trial court concluded that the relationship between the parties was the ordinary one of employer and employee; that the defendant was not entrusted with any of the plaintiff's confidential communications and did not learn any peculiar secrets or gain any private information while he was in the plaintiff's employ; that there was nothing secret about the plaintiff's list of customers; that, in the absence of fraud or express contract, the defendant had a right to start his own business and could legally solicit business from his former employer's customers; and that judgment should be rendered for the defendant.

The plaintiff seeks to add to the finding certain facts which it claims are admitted or undisputed. The absence of direct contradiction does not make a fact admitted or undisputed within the meaning of our rule. Practice Book § 397(a); *Greco* v. *Morcaldi,* 145 Conn. 685, 687, 146 A.2d 589. Although there was evidence to support some of the facts claimed, it was solely within the province of the trial court to determine the credibility of that evidence. *United Construction Corporation* v. *Beacon Construction Co.,* 147 Conn. 492, 495, 162 A.2d 707. The requested additions to the finding cannot be made.

The plaintiff has also assigned error in the court's conclusions, on the ground that the facts set forth in the finding do not support them. He

claims that the defendant was not entitled to solicit its customers for his rival business before the termination of his employment. The defendant, as an agent of the plaintiff, was a fiduciary with respect to matters within the scope of his agency. *Taylor* v. *Hamden Hall School, Inc.,* 149 Conn. 545, 552, 182 A.2d 615; *Santangelo* v. *Middlesex Theatre, Inc.,* 125 Conn. 572, 578, 7 A.2d 430; Restatement (Second), 1 Agency § 13. The very relationship implies that the principal has reposed some trust or confidence in the agent and that the agent or employee is obligated to exercise the utmost good faith, loyalty and honesty toward his principal or employer. 3 Am. Jur. 2d, Agency, § 199. In the absence of clear consent or waiver by the principal, an agent, during the term of the agency, is subject to a duty not to compete with the principal concerning the subject matter of the agency. 3 C.J.S., Agency, § 143; Restatement (Second), 2 Agency § 393. Upon termination of the agency, however, and in the absence of a restrictive agreement, the agent can properly compete with his principal in matters for which he had been employed. "Thus, before the end of his employment, he can properly purchase a rival business and upon termination of employment immediately compete. He is not, however, entitled to solicit customers for such rival business before the end of his employment . . . in direct competition with the employer's business." Restatement (Second), 2 Agency § 393, comment e. Knowledge acquired by an employee during his employment cannot be used for his own advantage to the injury of the employer during employment. *Allen Mfg. Co.* v. *Loika,* 145 Conn. 509, 514, 144 A.2d 306; *Ritterpusch* v. *Lithographic Plate Service, Inc.,* 208 Md. 592, 604, 119 A.2d 392.

The court found that the defendant solicited customers for his own business before his employment with the plaintiff was terminated. Such action was in direct competition with his employer and was contrary to the employer's interest. It was a betrayal of the employer's trust and confidence in the defendant. He is not entitled to the benefits resulting from this unlawful conduct, and he should account to the plaintiff for the profits received from any business done with former customers of the plaintiff who were solicited by him while he was in its employ. Moreover, the plaintiff is entitled to injunctive relief restraining the defendant from performing, either directly or indirectly, any service, in competition with the plaintiff, for any former customers of the plaintiff who were solicited by him prior to the termination of his employment.

The plaintiff also claims that the names of its customers constituted a trade secret and that the court erred in reaching a contrary conclusion. "A trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it. It may be a formula for a chemical compound . . . or a list of customers." Restatement, 4 Torts § 757, comment b; *Allen Mfg. Co.* v. *Loika,* supra, 516. Matters of public knowledge or of general knowledge in an industry cannot be appropriated by one as his secret. A trade secret is known only in the particular business in which it is used. It is not essential that knowledge of it be restricted solely to the proprietor of the business. He may, without losing his protection, communicate the secret to employees or to others

who are pledged to secrecy. Nevertheless, a substantial element of secrecy must exist, to the extent that there would be difficulty in acquiring the information except by the use of improper means. Some of the factors to be considered in determining whether given information is a trade secret are (1) the extent to which the information is known outside the business; (2) the extent to which it is known by employees and others involved in the business; (3) the extent of measures taken by the employer to guard the secrecy of the information; (4) the value of the information to the employer and to his competitors; (5) the amount of effort or money expended by the employer in developing the information; (6) the ease or difficulty with which the information could be properly acquired or duplicated by others. Restatement, 4 Torts § 757, comment b.

Trade secrets are the property of the employer and cannot be used by the employee for his own benefit. The lack of any express agreement on the part of the employee not to disclose a trade secret is not significant. The law will import into every contract of employment a prohibition against the use of a trade secret by the employee for his own benefit, to the detriment of his employer, if the secret was acquired by the employee in the course of his employment. *Allen Mfg. Co.* v. *Loika,* supra, 514; 1 Nims, Unfair Competition and Trade-Marks (4th Ed.) § 150. A list of customers, if their trade and patronage have been secured by years of business effort and advertising and the expenditure of time and money, constitutes an important part of a business and is in the nature of a trade secret. It is the property of the employer and may not be used by the employee as his own property or to his

employer's prejudice. *Town & Country House & Home Service, Inc.* v. *Newbery,* 3 N.Y.2d 554, 558, 147 N.E.2d 724; *People's Coat, Apron & Towel Supply Co.* v. *Light,* 171 App. Div. 671, 673, 157 N.Y.S. 15, aff'd, 224 N.Y. 727, 121 N.E. 886; *California Intelligence Bureau* v. *Cunningham,* 83 Cal. App. 2d 197, 203, 188 P.2d 303; 1 Nims, loc. cit.; 2 Callmann, Unfair Competition and Trade-Marks § 51.1; Ellis, Trade Secrets § 71. If in any particular business the list of customers is, because of some peculiarity of the business, in reality a trade secret and an employee has gained knowledge thereof as a matter of confidence, he will be restrained from using that knowledge against his employer. 1 Nims, op. cit. § 157. On the other hand, where the identity of the customers is readily ascertainable through ordinary business channels or through classified business or trade directories, the courts refuse to accord to the list the protection of a trade secret. *Continental Car-Na-Var Corporation* v. *Moseley,* 24 Cal. 2d 104, 108, 148 P.2d 9; *Haut* v. *Rossbach,* 128 N.J. Eq. 77, 78, 15 A.2d 227; *Goldberg* v. *Goldberg,* 205 App. Div. 435, 438, 200 N.Y.S. 3; *Boosing* v. *Dorman,* 148 App. Div. 824, 825, 133 N.Y.S. 910, aff'd, 210 N.Y. 529, 103 N.E. 1121.

The plaintiff brought this action in equity requesting, in its prayer for relief, an accounting of profits, an injunction and damages. If the list of customers was a trade secret, the plaintiff would be entitled, in addition to any other proper relief, to an injunction restraining the defendant from performing services for customers on the list. *California Intelligence Bureau* v. *Cunningham,* supra; 2 Callmann, op. cit. § 59.1; 2 Nims, op. cit. § 367. On the other hand, if the list of customers was not a

trade secret, the right to injunctive relief and damages would apply only to business done with customers solicited before the end of the employment. Thus, the measure and extent of the relief to which the plaintiff may be entitled depends on a proper determination of whether the plaintiff's list of customers was a trade secret. The court's conclusion that there was nothing secret about the plaintiff's list of customers is not supported by any subordinate facts in the finding. We are unable to determine what factors were considered by the court in reaching this conclusion. Without the necessary facts to support it, it cannot stand.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.