JAMES J. MALARNEY v. JOHN A. PETERSON, SR., ET AL., EXECUTORS (ESTATE OF FREDERICK M. TAYLOR)

ALCORN, HOUSE, THIM, RYAN and SHAPIRO, Js.

Argued April 9—decided May 6, 1970

*Harry L. Nair,* for the appellant (plaintiff).

*Alfred V. Covello,* with whom, on the brief, were *Thomas F. Parker* and *J. Harold Williams,* for the appellees (defendants).

SHAPIRO, J. The plaintiff brought this action on an alleged oral contract of indemnity to recover damages for losses incurred by him in the purchase of stock under a stock purchase agreement between him and the decedent, Frederick M. Taylor. The plaintiff alleged that on or about August 1, 1952, Taylor, president and controlling stockholder, approached him with the proposal that he purchase stock of Taylor and Greenough, Inc., a Connecticut corporation, and that he, Taylor, would personally guarantee his investment and that in purchasing the stock he would suffer no loss. Later the stock became worthless, and the plaintiff sought to recover from the decedent's estate. The trial court found the issues for the defendants, and the plaintiff has appealed to this court from the judgment rendered.

It was, of course, the burden of the plaintiff to

prove the existence of the alleged contract of indemnity which he claimed the decedent breached. The trial court refused to find that such an agreement existed but instead found that the only contract entered into by the parties was embodied in a document which made no mention of an indemnity agreement. The plaintiff assigns error in the refusal of the court to find certain facts, notably, among them, the existence of the contract of indemnity.

To secure an addition to the finding, an appellant must point to some part of the appendix, the pleadings, or an exhibit properly before us which discloses that the appellee admitted that the fact in question was true or that its truth was conceded to be undisputed. Practice Book § 628 (a); *Martin* v. *Kavanewsky,* 157 Conn. 514, 515, 255 A.2d 619; Maltbie, Conn. App. Proc. § 158. The plaintiff testified to the existence of an oral agreement to indemnify. The other party to that alleged agreement was the decedent, Frederick M. Taylor, who had died on November 1, 1966, and whose testimony was, of course, unavailable to contradict the plaintiff, who was sued by writ dated July 6, 1967. "'Absence of direct contradiction by the mouth of a witness does not make a fact undisputed within the meaning of the rule. . . . The trial court is at liberty to discredit any witness . . . if it deems that it has cause to do so. It is one of the important functions of a trier to determine the relative credit to be given to oral evidence.'" *Eastern Sportswear Co.* v. *S. Augstein & Co.,* 141 Conn. 420, 422, 106 A.2d 476 (quoting from *Allis* v. *Hall,* 76 Conn. 322, 340, 56 A. 637); *Greco* v. *Morcaldi,* 145 Conn. 685, 687, 146 A.2d 589.

Although the plaintiff has been unable to point to any finding of fact tending to support the exist-

ence of a contract of indemnity, he makes the claim that the court in its conclusions recognized the existence of such a contract. The court concluded that "[t]he understanding which was entered into between the parties was nothing more than an offer by the decedent to indemnify the plaintiff for any loss the plaintiff might suffer in the purchase of the stock." For one thing, this conclusion, to the extent that it would indicate the existence of an indemnity agreement, cannot be supported by the basic facts and therefore must fall. *French* v. *Oberreuter,* 157 Conn. 181, 193, 251 A.2d 67. Furthermore, the conclusion expressly states that the understanding was nothing more than an offer, which is perfectly consistent with the court's further conclusion that no enforceable agreement other than the stock purchase agreement actually received in evidence existed between the plaintiff and the decedent. Certainly these conclusions fall far short of establishing the existence of a contract of indemnity which the plaintiff was required to prove.

Because the plaintiff has been unable to establish the existence of a contract of indemnity, the trial court was correct in rendering judgment for the defendants.

There is no error.

In this opinion the other judges concurred.