This case came to this court on a rule to show cause why a temporary injunction should not be issued against the defendant. *Page 289 
The plaintiff alleges that he is in the pest control business and that the defendant was in his employ and as an employee knew the plaintiff's customers. The plaintiff alleges that on August 8, 1972, the defendant left his employ, taking a list of customers with him, and solicited many of them to do the work previously done by the plaintiff and that as a result the plaintiff has lost the business of those customers. In the second count, it is alleged that the defendant threatens to continue to supply such service to them and threatens to continue to solicit customers from the plaintiff's list of customers.
The defendant demurred to both counts on the ground that no cause of action is alleged because the plaintiff had not alleged that the defendant had signed a contract not to solicit or that such a list of the plaintiff's customers was a trade secret; a second ground of demurrer was that the plaintiff had not alleged that he had no adequate remedy at law.
The court sustained the defendant's demurrer for the reasons set forth therein. Thereafter, the plaintiff moved the court for permission to amend to allege that the list of customers was a trade secret and that he had no adequate remedy of law, which motion the court granted. Evidence was then received to determine whether a temporary injunction should issue.
It has been determined that a list of customers may be a trade secret. Town Country House Homes Service, Inc. v. Evans, 150 Conn. 314, 318. But to be a trade secret, "a substantial element of secrecy must exist, to the extent that there would be difficulty in acquiring the information except by use of improper means." Id., 319.
Although the evidence produced indicated that the plaintiff had expended sums of money for advertising *Page 290 
and that the defendant is now doing business with a great number of the plaintiff's former customers, there is no evidence whatever that the list of customers involved, or even a single name on the list, could not be obtained by consulting the "yellow pages" of a telephone directory or by walking down a street to ascertain customers who would be interested in pest control — restaurants, food establishments, apartment houses and the like.
It is the judgment of the court, on the basis of the evidence produced, that the list of customers in question did not constitute a trade secret.
 Accordingly, the temporary injunction sought by the plaintiff in the present proceeding is denied.