[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an abbreviated memorandum. The court believes the parties will understand the court's rationale and fact determinations from the in-court colloquy and the iteration below.
The court finds that the work encompassed in plaintiff's earlier billings, i.e. Exhibits 4, 5, 6, 7 and 8 are legitimate. The defendant partnership must be deemed to have accepted them since it paid them less a 10% retainage without any question as to their legitimacy. It follows that the retainage on them, $14,400, is due the plaintiff.
The court also concludes that the "extras" itemized on Exhibit 10 of are legitimate and plaintiff's charges of $23,648 for the work involved were fair and reasonable.
The principal disputed fact issue is whether the so-called "upper" or "rear" parking lot was included in the August 16, 1990 proposal, i.e. Exhibit 3. The court finds that it was. This means that the $67,500 proposal for the Phase I parking included the upper parking lot.
For the Phase I parking, the plaintiff had proposed, and the defendants agreed, that $67,500 was a reasonable price. This included the necessary excavation and grading, the base (processed stone or the like), the two 1 1/2" layers of asphalt paving, and the curbing around the perimeter of the parking lots. The plaintiff did not do all the work involved and called for in the $67,500 Phase I paving proposal. The second course of paving CT Page 11632 and the curbing was not done. The parties seem to have acquiesced in the fact that the second course would have been installed at a price of $3.62 per square yard. The defendants claim that the square yardage was 6650 square yards. Thus the defendants claim they should be allowed (6650 x $3.62) $24,073 for the second course of paving. Similarly, no curbing was installed. Defendants claim they should be allowed ($1.90 x 2950 sq. ft.) $5,605 for the curbing. The court agrees the. defendants should be given a credit for the second course of the paving and the curbing in the total amount of $29,678.
The proposed and agreed price for the Phase I parking was $67,500. But $29,678 of that work was not done. Defendants paid $55,710 for the Phase I paving. Plaintiff is entitled to $37,822 ($67,500 — $29,678 ) for the Phase I paving. Defendant paid plaintiff paid $55,710 for this work: thus plaintiff was overpaid $17,888 for this part of its work.
The complaint does not allege defendants prevented plaintiff from completing the paving and curbing. Therefore the court does not consider plaintiff's claim based on Greco v. Morcaldi,145 Conn. 685 (1958).
The court concludes that the plaintiff is entitled to recover from the defendants the $14,440 retainage on the earlier billings, the $23,784 for extras (Exhibit 10), less the $17,888 it has been overpaid for the Phase I paving. This amounts to $20,160. Interest should be paid thereon at the statutory rate of 10% per annum (C.G.S. 37-3a) for 23 months. This amounts to $3,864.
The plaintiff also is entitled to recover $540 for the storm/emergency work done in June 1991. Interest on this amount is also properly due the plaintiff for 18 months. This amounts to $81.00.
Judgment shall enter for the plaintiff in the amount of $24,645 against the defendants jointly and severally.
Parker, J. CT Page 11633