[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
FINDINGS OF FACT AND CONCLUSIONS OF LAW
Count One
 1. The defendant, Brady was asked by the plaintiff's Cleasby, Bradstreet and McHugh to leave the Resource Group. Brady complied with this request and his employment and fiduciary relationship with the group as an employee or officer terminated on March 31, 1994.
2. The court finds that Brady did not deal in any improper way with clients of the Resource Group because his relationship with the Resource Group, other than as a stockholder, had terminated. See Katz Corp. v. T.H. Canty Co., 168 Conn. 201, CT Page 1154 208 (1975).
3. The court finds that Brady did not usurp any corporate opportunity of the Resource Group.
4. The court finds that neither Mr. Brady nor TRG Associates were contractually bound to any covenant not to compete.
5. The court finds count one for the defendant.
Count Two
 1. Brady received a payment in the amount of $29,608 on December 31, 1993.
2. That payment was made up of the following items: back payroll $10,000; Citibank makeup payment $5,000; Supreme makeup payment $3,000; two-thirds of the Florida Protection Service success fee $10,000; expense related to Florida Protection Service $1,608.
3. The court finds that the defendant Brady was entitled to the $10,000 payroll, to the $5,000 Citibank makeup, to the $3,000 Supreme makeup and to the $1,608 in expense reimbursement. The court finds for the plaintiffs that the defendant Brady was not entitled, following the new agreement in August of 1993, to a disproportionate share of the Florida Protection success fee in excess of expense reimbursement.
4. For the foregoing reasons the court finds that Mr. Brady is liable to the Resource Group for the return of the $10,000 two-third portion of the Florida Protection Service fee to the extent that such payment exceeded a pro rata share of such fee.
5. The court finds that Mr. Brady was entitled to the $10,000 in back payroll which he paid to his corporation in two checks of $5,000 each, dated March 31, 1994 and April 6, 1994.
6. The court finds that Brady was paid $3,000 on January 29, 1994 and $6,127 on March 10, 1994, for a total payment of $9,127.
7. The court finds that from this $9,127 Brady was not entitled to a payment of $5,000 as an additional disbursement from the FPS success fee to the extent that such payment exceeded a pro rata share of such fee. The court finds that Brady was CT Page 1155 entitled to $4,127 as expenses from the Power Security engagement.
8. The court finds that while Brady was entitled to certain "make up" payments for money earned prior to August 1993, thereafter he was entitled to disproportionate shares of expenses only.
Count Three
The court finds that Brady did not misappropriate any trade secrets. See Town and Country House and Home Services, Inc. v.Evans, 150 Conn. 314, 319 (1963).
Count Four
The court finds that Brady did not misappropriate any confidential information. See Town and Country, supra.
 Count Five
The court finds that neither Brady nor TRG Associates violated the Connecticut Unfair Trade Practice Act. See Jacksonv. R.G. Whipple, Inc., 225 Conn. 705, 725-727 (1993).
Count Six
 1. The court finds that Mr. Brady or TRG Associates (Count Ten) were paid the following:
 a. $15,000 JWC engagement b. $18,000 JWC accounting c. $29,000 Florida Protection d. $72,000 New Bond e. $8,000 receivables due TRG from Florida Protection and $8,265 in receivables from Supreme Security
 2. The court finds the plaintiff is entitled to:
 a. 3/4 JWC engagement fee b. No part of $18,000 JWC accounting fee c. 1/2 of $29,000 Florida Protection Fee d. 1/2 of $23,000 New Bond business services and preliminary plan. No part of $49,000 New Bond Service financing plan. CT Page 1156 e. 3/4 of the $8,000 in receivables due from Florida Protection and 3/4 of the $8,205 due from Supreme Security
 Count Seven
The court finds no tortious interference by Brady. See RobertS. Weiss Associates v. Weiderlight, 208 Conn. 525, 536 (1988).
Count Eight
The court finds no unfair competition or violation of the Connecticut Unfair Trade Practice Act.
Count Nine
The court finds no misappropriation of trade secrets by TRG Associates.
Count Ten
The court finds no unjust enrichment of TRG Associates except to the extent, if any, that monies referred to in count six to which the plaintiff was entitled were paid to TRG Associates.
Brady's Counterclaim
 Count One
 1. The court finds that John M. Brady is the owner of 25 per cent of outstanding shares of the Resource Group Inc.
2. The court does not find any agreement between the shareholders for the payment of one quarter of the balance sheet value of the stock in exchange for Brady's surrender of the stock.
3. The court finds that the only agreement among the shareholders is to be found in the actions of all shareholders when Mr. Trinchini left TRG in 1993.
4. The court holds that Mr. Brady is entitled to three months severance pay in return for the surrender of his stock to the corporation. CT Page 1157
Count Two
The court finds an obligation on the part of Resource Group to pay Mr. Brady for services to the corporation during the period January 31, 1994 to March 31, 1994 the date Brady was terminated.
Count Three
The court finds that the requirements of Connecticut General Statutes § 33-382(b) pertaining to the winding up of the corporation are not present in this case and declines to order the winding up of the corporation.
The court by,
Kevin E. Booth, Judge