[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: MOTION TO STRIKE (#107)
1) First Count: The plaintiff has alleged a cause of action for breach of contract which is outside the sphere of the CUTSA statute, § 35-57. The motion to strike this count is denied.
2) Second Count: The plaintiff has stated a cause of action in negligence as to the individual defendants. The motion to strike the Second count is denied.
3) Third Count: The allegations do not satisfy the elements of the tort of tortious interference with business relations. RobertS. Weiss Associates, Inc. v. Wiederlight, 208 Conn. 525, 535
(1988). The motion to strike this count is granted.
4) Fourth Count: The allegations of this count are covered by the definition of "trade secret" as set forth in § 35-51 (d). CT Page 5558 This count does not state an independent cause of action outside the scope of CUTSA. The motion to strike this count is granted..
5) Fifth Count: In order to establish a cause of action for usurpation of a corporate opportunity, the plaintiff must allege and prove that a fiduciary relationship existed between the corporation and the alleged wrongdoers. Whether the corporation's agents or employees occupy a fiduciary position with the corporation depends upon the facts of the case. Town Country,House Homes Services, Inc. v. Evans, 150 Conn. 314, 316-317
(1963) and cannot be determined on a motion to strike. The Motion to Strike the Fifth count is denied.
6) Sixth Count: The defendant seeks to strike this count on the grounds that the defendant corporation does not owe a fiduciary duty to the plaintiff. Only paragraph 50 of this count deals with this allegation. The remainder of the count relates to the fiduciary duty of individually named defendants. It is not permissible on a motion to strike to attack a single paragraph of a count. A count must stand or fall on the basis of all of its allegations, not merely some of them. Doyle v. A. P. RealtyCorp. , 36 Conn. Sup. 126 (1980). The motion to strike this count is denied.
7) Seventh Count: Under the broad definition of "unfair competition" as enunciated by our Supreme Court in Larsen ChelseaRealty Co. v. Larsen, 232 Conn. 480, 502, n. 23 (1995), the plaintiff's claim of"unfair competition" is not preempted by the statute. The motion to strike the seventh count is denied.
8) Ninth Count: Notwithstanding Mungham v. Prudential HomeMortgage Co., Superior Court Judicial District of Fairfield at Bridgeport D.N. 303056 (July 3, 1996, Tierney, J.), it is not impermissible to combine allegations of unfair and deceptive acts in a single count. The motion to strike this count is denied.
9) Tenth Count: This count fails to allege the essential elements of larceny under § 53a-119 and so no civil theft is alleged under § 52-564 The motion to strike this count is granted.
Prayers for Relief
1) Ninth prayer for relief: Stricken because attorney's fees may be recovered only if authorized by statute or contract or as a component of punitive damages. Farrell v. Farrel
CT Page 555936 Conn. App. 305, 311 (1994). The plaintiff has made no allegations in the complaint to support a statutory or contractual theory. Punitive damages are claimed elsewhere in the prayers for relief.
2) Tenth prayer for relief: Motion is denied. Under CUTPA the plaintiff is entitled to have the trial court consider awarding both punitive damages and attorney's fees. Saturn Construction Cov. Premier Roofing Co., 238 Conn. 293, 311 (1986).
3) Eleventh prayer of relief: Stricken because as set forth above the plaintiff has failed to allege the essential elements of an action for civil theft.
4) Thirteenth prayer for relief: Stricken. To furnish a basis for recovery of such damages the pleadings must allege wanton or wilful malicious misconduct. The language contained in the pleadings must be sufficiently explicit to inform the court and opposing counsel that such damages are being sought. Mackey v.Santangelo, 195 Conn. 76, 77 (1985). Such allegations are not present in this complaint.
MOTTOLESE, JUDGE