[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, First Equity Development, Inc., has filed a three count complaint against the defendants, John F. Risko and Douglas Martin, sounding in breach of fiduciary duties (count one), violations of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a, et seq. (count two), and breach of contract against the defendant Risko only (count CT Page 6333 three). The plaintiff alleges, in sum, that the defendants have used, and are currently using, information obtained while in the plaintiff's employ to gain a competitive advantage in the acquisition of a company the plaintiff labels "Company A." The defendants have filed a motion to strike all three counts of the complaint.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted. . . . [The court] must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citation omitted; internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates,244 Conn. 269, 270 ___ A.2d ___ (1998).
Count one of the complaint sounds in breach of fiduciary duties. The plaintiff, in its memorandum, adequately summarizes the "essentials" of its allegations as stating "that [the] defendants acquired confidential and proprietary information of [the plaintiff] . . . while they were acting in fiduciary capacities . . . and . . . that, shortly after leaving [the plaintiff's] employ, they used that very information against First Equity in the course of submitting a competing bid for Company A."
The defendants move to strike count one of the complaint on the ground that the plaintiff "makes no factual allegations that either defendant breached any fiduciary duty to [the] plaintiff during the period when it alleges that defendants were in a fiduciary relationship with [the plaintiff] or that the reason the defendants left First Equity had anything to do with attempting to usurp a corporate opportunity."
The plaintiff does not disagree with the defendants. Rather, the plaintiff argues that Connecticut has adopted the rule "that although a former director or officer may compete against his former employer . . . he nonetheless retains a fiduciary duty to the corporation regarding confidential information which he acquired during his tenure as a fiduciary which survives his tenure as a fiduciary." As support for this, the plaintiff cites to three cases: Triangle Sheet Metal Works, Inc. v. Silver,154 Conn. 116, 222 A.2d 220 (1966); Town Country House HomesCT Page 6334Service, Inc. v. Evans, 150 Conn. 314, 189 A.2d 390 (1963); andAllen Manufacturing Co. v. Loika, 145 Conn. 509, 144 A.2d 306
(1958).
The three cases relied upon by the plaintiff do not stand for the proposition that a fiduciary duty owed by an officer or director of a corporation continues ad infinitum after the officer or director terminates employment with the company. Rather, all three cases address the duty by a former employee to not use its former employer's trade secrets. "The law is well settled that knowledge acquired by an employee during his employment cannot be used for his own advantage to the injury of the employer during the employment; and after the employment has ceased the employee remains subject to a duty not to use tradesecrets, or other confidential information, which he has acquiredin the course of his employment, for his own benefit or that of a competitor to the detriment of his former employer." Emphasis added. Allen Manufacturing Co. v. Loika, supra, 145 Conn. 514. See also Town Country House Homes Service, Inc. v. Evans, supra, 150 Conn. 317-19 ("The law will import into every contract of employment a prohibition against the use of a trade secret by the employee for his own benefit, to the detriment of his employer, if the secret was acquired by the employee in the course of his employment.").
It is axiomatic that "[a]n officer and director occupies a fiduciary relationship to the corporation and its stockholders."Ostrowski v. Avery, 243 Conn. 355, 363, 703 A.2d 117 (1997). However, there is no Connecticut case which has found a fiduciary relationship to exist between an ex-officer or ex-director and its former employer. The Supreme Court has said: "Rather than attempt to define a fiduciary relationship in precise detail and in such a manner to exclude new situations, we have instead chosen to leave the bars down for situations in which there is a justifiable trust confided on one side and a resulting superiority and influence on the other." Dunham v. Dunham,204 Conn. 303, 320. 528 A.2d 1123 (1987). Certainly the present facts do not give rise to this type of situation. If there existed a fiduciary relationship between an employee and her former employer, the employee could never work for a former employer's competitor. This is not the law of this state.
"Fiduciaries appear in a variety of forms, including agents, partners, lawyers, directors, trustees, executors, receivers, bailees and guardians." Konover Development Corp. v. Zeller, CT Page 6335228 Conn. 206, 222, 635 A.2d 798 (1994). However, absent authority to the contrary, it would be antithetical for this court to hold that an ex-employee owes a fiduciary duty to her former employer after leaving employment with the company. The motion to strike count one of the complaint, therefore, is granted.
The defendants move to strike count two of the complaint on the ground that the "[p]laintiff's allegations concern employer-employee relationships which do not rise to the level of trade or commerce cognizable under CUTPA." The defendants also move to strike count two on the ground that the plaintiff fails to allege that it "was a direct victim of any alleged unfair practice . . . or suffered any injury as a result of the allegedly unfair acts."
The plaintiff has asserted the peculiar allegation in count two of its complaint that the defendants' actions which allegedly violate CUTPA "are continuing as of the date of [the] [c]omplaint." And, the plaintiff "faces economic loss and damage as a result of defendants' . . . unfair and deceptive acts and practices." This statement is made in the future tense, as though the plaintiff will be harmed in the future if certain actions occur or continue to occur. However, the plaintiff, through count two, seeks not injunctive relief, as in count one, but rather "an award of damages."
"CUTPA provides a private cause of action to [a]ny person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a [prohibited] method, act or practice. . . . Thus, in order to prevail in a CUTPA action, a plaintiff must establish both that the defendant has engaged in a prohibited act and that, as a result of this act, the plaintiff suffered an injury." Abrahams v. Young andRubicam, Inc., 240 Conn. 300, 306, 692 A.2d 709 (1997).
In the present case, the plaintiff fails to allege that it has suffered an injury. At best, the plaintiff suggests that it might have some sort of future loss.[1] "A hypothetical injury or threat is not a ripe or justiciable claim." Cumberland Farms,Inc. v. Town of Groton, 46 Conn. App. 514, 518, 699 A.2d 310
(1997). The motion to strike count two, therefore, is granted.
Count three of the complaint sounds only in breach of contract against the defendant Risko. The defendant argues that count three should be stricken because the plaintiff fails to "allege that [the defendant] committed any of the acts that his CT Page 6336 contract forbade him to do."
The plaintiff alleges that the defendant Risko violated an agreement "by violating the restrictive covenant restraining him, for a period of one year after the cessation or termination of his employment, from directly or indirectly contacting, communicating, or engaging in any business transaction or business relationship with any past or present client of" the plaintiff. The very next sentence, however, states that the defendant "violated such restrictive covenant by submitting a bid, competitive with [one submitted by the plaintiff] . . . for the purchase of Company A."
The court is unable to understand how the actions of the defendant, i. e. competing with the plaintiff, violated an agreement to avoid communication with the plaintiff's clients. The plaintiff claims that the defendant's argument is "hypertechnical." The court disagrees. It is a basic contract principle that in order to establish a cause of action sounding in breach of contract, the plaintiff must allege that the defendant breached a term of an existing contract. Absent an allegation that there was a non-compete clause, or a breach of the already alleged agreement made between the plaintiff and the defendant,[2] the plaintiff has failed to establish a cause of action sounding in breach of contract. Count three is legally insufficient. Therefore, the motion to strike count three is granted.
So Ordered.
KARAZIN, J.