[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION FOR ORDER OF COMPLIANCE
The plaintiff has alleged that he fell in one of the defendant's stores because of an unsafe condition, to wit, the existence of a clear liquid on the floor, on December 13, 1997. In the course of the action he filed standard discovery requests. CT Page 10193 One of the standard requests for production requires disclosure of copies of "policies and procedures identified" in response to standard interrogatory four, which in turn refers to "written policies or procedures that relate to the kind of conduct or condition plaintiff alleges caused the injury." It is apparent from the submissions by the parties that at least portions of Wal-Mart's Risk Management Resource Manual, Team Leaders Guide and "other training materials" should be disclosed. Claiming that these materials are trade secrets or otherwise confidential, Wal-Mart has refused to disclose the materials unless a protective order prohibiting disclosure to third parties is in effect. The plaintiff whose counsel seeks to have the ability to disclose the materials further, perhaps through the JudiciaL District of New Haven at Meriden ATLA, has refused to agree to a protective order. Thus we are stymied, and the plaintiff has filed a motion for an order to compel compliance, which order has the caption date of May 7, 1999.
Both sides have submitted authority, which I have read and considered. One point deserves an introductory comment. If in the exercise of discretion a protective order is appropriate, then the proposed public disclosure by the plaintiff is not, as a general proposition, protected by the First Amendment. SeattleTimes Company v. Rhinehart, 467 U.S. 20 (1984). The Seattle Times
case assumes, however, that the protective order was otherwise appropriate: in that case, the proponents argued, with some persuasiveness, that public disclosure of its membership list and sources of financing would have a chilling effect on the members' and contributors' First Amendment rights of freedom of association. The concurring opinion stressed that the proponent of the protective order has a burden to show a compelling interest in nondisclosure.
Wal-Mart claims that a protective order is appropriate pursuant to § 13-5(7) of the Practice Book. This subsection provides: "Upon motion by a party from whom discovery is sought, and for good cause shown, the judicial authority may make any order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:. . . . (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way. . . ." Wal-Mart claims that the materials referenced above are "trade secrets and/or confidential proprietary information" and seeks to have the materials protected from disclosure to CT Page 10194 third parties beyond the confines of the present litigation.
Wal-Mart has submitted an affidavit of Scott Adams, a Wal-Mart manager, who has averred that the materials referred to (the Risk Management Resource Manual, Team Leader's Guide, and other training materials) "outline the methods and techniques under which Wal-Mart conducts some of its business operations". The affidavit goes on to state some of the ways in which Wal-Mart seeks to keep the materials confidential. I agree that if the materials in issue are indeed trade secrets or otherwise confidential[1] then a limited protected order for the purpose of protecting against public disclosure would be appropriate.
Trade secrets are defined in § 35-51(d) of the General Statutes as "information, including a formula, pattern, compilation, program, device, method, technique, process, drawing, cost data or customer list that: (1) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use, and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." The common law definition is virtually identical. See Town Country House Home Service Inc. V. Evans, 150 Conn. 314 (1963). The determination of whether particular material is a trade secret is fact-driven. Factors include, but may not be limited to: (a) the extent to which the information is known outside the business, (b) the extent to which the information is known by employees and others involved in the business, (c) the information's value to the business and to its competitors, (d) the resources the business expends in developing the information and (e) the ease or difficulty with which the information could be properly acquired or duplicated by others. Robert S. Weiss Associates,Inc. v. Wiederlight, 208 Conn. 525 (1988); Early, Ludwick Sweeney v. Steele, Superior Court, judicial district of New Haven at New Haven, No 409063 (Aug. 7, 1998) (Downey, J.).[2]
Although Wal-Mart asserts, in a conclusory manner, that the materials were developed over the course of many years and at great expense, I have no way of knowing from the materials submitted what it is that Wal-Mart is talking about. Presumably something less than the entire set of manuals and training materials is subject to disclosure. If the materials to be disclosed are, for example, guidelines to the effect that all employees are supposed to have an eye out to see what's on the CT Page 10195 floor and to clean it up, I suspect that Wal-Mart will have a difficult time securing a protective order. On the other hand, there may be much more at stake.
In any event, no objective information has been presented to show that the materials are in fact trade secrets or otherwise confidential. The motion for an order compelling compliance is granted, unless within fourteen days of the filing of this ruling Wal-Mart files for in camera inspection copies of the materials that it contends are protected, with a detailed affidavit explaining why the materials are trade secrets. Copies of the affidavit(s) and the materials are to be sent to counsel for the plaintiff and a temporary protective order preventing disclosure beyond counsel shall be in effect until the court determines whether a protective order is appropriate on the merits.
So ordered.
Beach, J.