[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE #110
The plaintiff in this case is a newspaper delivery service. The defendant Shoreline Life Care, L.L.C. d/b/a Evergreen Woods (hereinafter Evergreen) is a senior assisted living community. CT Page 4606 The defendant Wesley Burgess, d/b/a/ "To the Door" (hereinafter Burgess) is a competing newspaper delivery service which at one time is alleged to have been an independent contractor working for the plaintiff.
As to the defendant Burgess, the complaint alleges tortious interference with contractual relations in count two and a violation of the Connecticut Unfair Trade Practices Act (CUTPA) in count four. The defendant Burgess has filed a motion to strike counts two and four on the basis that the allegations therein are insufficient as a matter of law to support the causes of action purported to be alleged therein.
In count two, the plaintiff alleges that it had a contractual relationship with the individual residents of Evergreen Woods to deliver newspapers and that Burgess was aware of that contract. It is further alleged that Burgess interfered with those contracts and utilized improper motives and/or means in doing so.
Specifically, the plaintiff alleges that Burgess, through the co-defendant, falsely informed the residents of Evergreen Woods that a change in delivery service would improve security, lower costs and improve service. It is alleged that Burgess fraudulently represented that he operated an existing business when he knew that such was not the case, and that he fraudulently solicited business from the plaintiffs customers under an assumed business entity name which was not registered, in violation of C.G.S. § 35-1.
Finally, the plaintiff alleges that Burgess improperly utilized "proprietary information," specifically the plaintiffs customer list, which he had obtained while working as an independent contractor for the plaintiff.
As to the second count, Burgess claims that the plaintiff has failed to assert the necessary allegations to constitute a claim that his customer list is "proprietary information" and that there is no factual basis set forth to support the remaining claims as reflecting an "improper motive" which is necessary when a party seeks to allege a cause of action for tortious interference with contractual relations.
It must of course be remembered that a motion to strike admits all facts well pleaded. RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 383 n. 2 (1994). On a motion to strike a count of the CT Page 4607 complaint the court must construe the facts alleged most favorably to the plaintiff. Faulkner v. United TechnologiesCorp., 240 Conn. 576, 580 (1997).
Whether or not the remaining allegations of the second count constitute claims of mere puffery on the part of Burgess, the plaintiff has alleged that Burgess improperly utilized "proprietary information," specifically the customer list of the plaintiff which was obtained while Burgess was working as an agent of the plaintiff. If such allegations were to be proven, it would seem that such conduct would form the basis for a claim of tortious interference with contractual relations.
Burgess argues that the complaint must specifically allege the steps that were taken by the plaintiff to protect his customer list and that such information was not obtainable through ordinary business channels citing some trial court authority which appears to stand for that proposition. However, while proof of such facts may be necessary to establish that the plaintiffs customer list is proprietary information, it is the opinion of this court that these are simply factors which must be proven but need not be specifically pleaded. See Town Country House Homes Service, Inc. v. Evans, 150 Conn. 314 (1963).
Likewise, as to the fourth count, the use of proprietary information by Burgess, if proven, would, in the court's view, constitute a violation of CUTPA, assuming of course that the plaintiff proves that it has suffered loss as a result thereof.
As to the remaining claim of the defendant Burgess, this court has previously held that a single act can constitute a violation of CUTPA.
Additionally, the plaintiff did point out at oral argument that it has alleged a violation of C.G.S. § 35-1 which by its language makes such a CUTPA violation.
Therefore, for the above stated reasons, the motion to strike is denied.
Bruce W. Thompson, Judge CT Page 4608