[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTIONS REGARDING CONFIDENTIAL DESIGNATIONS
By Order dated July 16, 2001, this court, Peck, J., permitted the parties to designate certain documents as confidential. Since that time the defendant has designated over 90% of its production as privileged and has filed four separate motions to confirm the privileged status of various documents in response to the plaintiff's objection to such status.
The four motions are: 1) Motion dated October 12, 2001 concerning service tickets, audits and training manuals; 2) Motion dated November 6, 2001 whereby the defendant seeks to have its privilege log designated as confidential; 3) Motion filed November 27, 2001, wherein the defendant CT Page 140 seeks to seal charts listing its former and current employees, customer complaints and documents concerning the defendant's compensation structure; and 4) Motion dated December 4, 2001 in which the defendant seeks a confidential designation for documents such as Terminix Office Policies and Procedures Manual and Terminix computer printouts.
Background
Terminix is a national termite and pest control company which has four branch offices in Connecticut. This litigation concerns Terminix's alleged violation of Connecticut's pesticide statutes and regulations in the operation of its pesticide application business in Connecticut from September, 1995 through December 31, 1999. During the same time period, Terminix sought to renew its pesticide application licenses with the Department of Environmental Protection ("DEP") for three of its Connecticut offices. An administrative hearing occurred before a hearing officer at DEP on the license renewals and a decision is pending.
On December 21, 2000 the DEP issued its first set of written discovery requests in this case. Thereafter, Terminix produced approximately 4000 pages of training manuals and designated virtually every page as "confidential." Thereafter, Terminix produced over 9000 pages of additional documents which consisted largely of audit reports and Terminix service tickets.
The Protective Order issued by this court contained the following definition of "Confidential Information:"
 (a) trade secret information as defined by the Uniform Trade Secrets Act, Conn.Gen. Stat. § 35-51 (d) and the Freedom of Information Act, Conn.Gen. Stat. § 1-210 (b)(5); (b) confidential commercial or financial information as defined by the Freedom of Information Act, Conn.Gen. Stat. § 1-210
(b)(5)(B); or (c) personnel or medical information and/or similar information the disclosure of which would constitute an invasion of personal privacy as defined by the Freedom of Information Act, Conn.Gen. Stat. § 1-210 (b)(2).
Law
Practice Book § 13-5(7) provides: "Upon motion by a party from whom discovery is sought, and for good cause shown, the judicial authority may make any order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, CT Page 141 including one or more of the following:. . . . (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way. . . ."
Trade secrets are defined in § 35-51 (d) of the General Statutes as "information, including a formula, pattern, compilation, program, device, method, technique, process, drawing, cost data or customer list that: (1) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use, and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." The common law definition is virtually identical. See Town Country House HomeService, Inc. v. Evans, 150 Conn. 314, 318, 189 A.2d 390 (1963). The determination of whether particular material is a trade secret is fact-driven. Factors include, but may not be limited to: (a) the extent to which the information is known outside the business, (b) the extent to which the information is known by employees and others involved in the business, (c) the information's value to the business and to its competitors, (d) the resources the business expends in developing the information and (e) the ease or difficulty with which the information could be properly acquired or duplicated by others. Robert S. Weiss Associates, Inc. v. Wiederlight, 208 Conn. 525, 538, 546 A.2d 216
(1988); Early, Ludwick Sweeney v. Steele, Superior Court, Judicial District of New Haven at New Haven, No 409063 (Aug. 7, 1998) (Downey, J.).[2].
Motion of October 12, 2001
Terminix has based its claim of confidentiality on the terms of the employment agreement which it apparently requires all employees to sign. That agreement provides, in part, that
 Terminix expects to confide to the employee certain facts, formulas, theories, methods, books, manuals, customer listings and general knowledge concerning the pest control business and exterminating business. . . . which the employee would not otherwise obtain. It is agreed and understood that such facts, formulas, theories, methods, books, manuals, customer listings and general knowledge are business assets of the Company, and would prove invaluable in the hands of competitor.
Terminix has also provided the affidavit of Brian Alexson, regional manager of the New England Terminix region, which states that Terminix CT Page 142 spends approximately $70,000 to train each branch manager and $15,000 to train technicians and salespersons. In the affidavit Mr. Alexson avers that Terminix "takes significant steps to protect" information contained in service tickets and audit documents, including requiring all employees to sign an employment agreement that provides for confidentiality and segregating service tickets and audit documents.[1] The affidavit also states that Terminix's training method "includes a unique combination of internally developed manuals and specific outside materials," and that "Terminix's training method, including its manuals and incorporated outside materials, is not generally known and would be of economic value to its competitors." Mr. Alexson further avers that although some training manuals contain copyright insignia, the "copyrights are not registered and the manuals have been provided only to specific employees." The affidavit does not provide any explanation of how the audits, tickets and training materials would be of value to its competitors.
The plaintiff argues that more than 4500 Terminix service tickets, and more than 171 Terminix audit reports were submitted into evidence during the administrative hearing with respect to the license renewal applications of Terminix, Significantly, Terminix made no claim that any of those documents were confidential even though it could have done so under Connecticut General Statutes § 22a-60 (a).[2] Moreover, Terminix itself entered five of the twenty-four training manuals which it has produced to the plaintiff as its own exhibits in the administrative proceeding, again without any claim that those training manuals were entitled to confidential status.
The court finds that Terminix's vague and conclusory statements in support of the confidential nature of its audit reports, service tickets and training manuals, are insufficient to establish that those documents contain trade secrets, particularly when viewed in conjunction with Terminix's failure to seek confidential treatment of such documents during the course of the administrative proceeding and the its penchant for designating everything as "confidential."
Based on the foregoing, Terminix's Motion for Order Confirming the Designation of Confidential Documents is denied and the plaintiff's objection to that Motion is sustained. And it is further ORDERED that within fifteen days of this Order, Terminix shall:
 (1) Produce all training materials with the "confidential" designation removed; and
 (2) Produce its audits and service tickets, documents bates numbered TX 4198 — TX4205; TX 5165 CT Page 143 — TX7154, TX 7155 — TX 12388; TX 12406 — TX 12412; TX 12417 — TX 12426; TX 12486 — 12556; TX 13329 — TX 13594; TX 13600 — TX 13643 with the "confidential" designation removed.
And it is further ORDERED that Terminix shall not designate any service tickets or audits produced in the future as "confidential."
Motion dated November 6, 2001 concerning Privilege Log
Terminix has moved for a confidential designation of the Privilege Log ordered by this court on the grounds that it contains "attorney work product." However, attorney work product does not fall within the definition of confidential documents contained in the Protective Order and set forth above. Therefore, the Motion is denied, the plaintiff's objection to the Motion is sustained and it is ORDERED that within fifteen days from the date of this order, Terminix shall produce its Privilege Log without the "confidential" designation.
Motion filed November 27, 2001
In this Motion Terminix seeks confidential status for documents which have been Bates stamped TX 218 — TX 245, charts which identify each employee by name and include the home address of the employee, and TX 13648 — TX 13650, charts which list the social security numbers of Terminix's branch managers in Connecticut. The homes addresses and social security numbers of employees is certainly "personnel . . . information . . . the disclosure of which would constitute an invasion of personal privacy" within the Protective Order's definition of "confidential" documents. Therefore, the Motion is granted with respect to those documents and the plaintiff's Objection thereto is overruled.
Terminix also seeks a confidential designation for documents Bates stamped TX 12668 — TX 12700, customer complaints, on the grounds that these documents constitute a "customer list" of the type that has been considered a trade secret. It is doubtful that a list of customers who have filed complaints against Terminix has any value to Terminix. In the absence of any evidence of how or why these complaints could possibly constitute trade secrets, they are not entitled to be kept confidential.
Terminix finally claims that the following four documents should be kept confidential because they contain information about Terminix compensation:
 1. A chart dated 2/21/01 listing position, base CT Page 144 pay and incentives (TX 246);
 2. A March 25, 1998 personnel package regarding 1998 Bonus Compensation Plans for regional managers, branch managers, bookkeepers and administrative assistants (TX 12640 — TX 12651);
 3. An April 3, 2000 personnel package regarding 2000 Bonus Compensation Plans for regional managers and branch managers, bookkeepers and administrative assistants (TX 12652 — TX 12666); and
 4. On page chart providing 1996 "Quality Index" percentages apparently applicable to applicators (TX 12667).
Terminix has not met its burden of proving that the foregoing documents contain any proprietary information. Moreover, the plaintiff has presented extensive examples of instances in which Terminix inquired into the same type of information in the context depositions it conducted in lawsuits against former employees. Terminix International v. MastershieldPest Management Services, Superior Court, Judicial District of Waterbury, No. CV 97 0139770; Terminix International v. LorenzoGioielli, Superior Court, Judicial District of Waterbury, No. CV 99 0152219, etc. The plaintiff has provided excerpts from six such depositions and, apparently, Terminix did not seek any confidential designation for compensation information contained in those deposition transcripts.
For the foregoing reasons the Motion is denied with respect to the customer complaints and the documents set forth above containing compensation information, the Objection to that portion of the Motion issustained and it is ORDERED that within fifteen days of the date hereof that Terminix produce said documents with the confidential designation removed.
Motion dated December 4, 2001 to Designate Various Documents asConfidential
In this Motion the plaintiff seeks to designate a Terminix Office Policies and Procedures Manual, computer printouts from 1996 entitled Employee Training Reports, computer printouts from 1998 entitled Employee Licensing Status Reports, a series of internal memoranda regarding various state regulations and instructions for complying with same, a set CT Page 145 of materials relating to Terminix's status as an Authorized Operator for DowElenco's Sentricon Colony elimination system.
The defendant has provided no affidavit or other competent evidence which would permit the court to assess whether any of the foregoing documents contain trade secrets under the test suggested in Robert S.Weiss Associates, Inc. v. Wiederlight, 208 Conn. 525, 538, 546 A.2d 216
(1988). The only means by which the defendant has attempted to meet its burden of establishing that those documents are confidential is by means of statements made in its legal memoranda. Such statements address only one of the five factors set forth in Robert S. Weiss Associates, Inc.,supra., that is, that the information within the documents is kept internally. The defendant has not established that the documents in question are "confidential" documents within the meaning of the Protective Order. Therefore, the Motion is denied and the Objection tothe Motion is sustained and it is ORDERED that within fifteen days of the date hereof that Terminix produce said documents with the confidential designation removed.
By the court,
Aurigemma, J.